In the Matter of the Arbitration between UNITED PAPER MACHINERY CORP., Respondent, and CHARLES J. DI CARLO, Appellant.

Fourth Department, July 1, 1963.

*Gold, Speranza & Hughes (Joseph Speranza* of counsel), for appellant.

*Hooper & Thompson (Robert Braunschweig* of counsel), for respondent.

*Per Curiam.* The parties entered in an agreement which contained provision for settling all controversies by arbitration. Respondent served a notice and demand for arbitration of an alleged breach of the agreement and also demanded an accounting. Three days after service of the arbitration demand respondent commenced an action in Supreme Court against appellant and two corporations which respondent alleged were formed and controlled by appellant in violation of his promise to devote his full time to the enterprise which was jointly owned

by the parties. Appellant moved for an order vacating the arbitration on the ground that the institution of court action constituted a waiver of arbitration and an election to proceed to resolve the differences in a plenary suit. The denial of this motion is the subject of this appeal.

This fact situation presents a problem for which there appears to be no decisional precedent. The time element, namely the passage of but three days between the demand for arbitration and the institution of the action, and the joinder of additional defendants in the action who were not parties to the agreement present complications for which we find no guideposts in existing decisions.

We must start, of course, with the declared policy of the law dealing with arbitration matters as enunciated in *Matter of Grayson-Robinson Stores (Iris Constr. Corp.)* (8 N Y 2d 133) where Chief Judge DESMOND wrote (p. 138): " Arbitration is by consent and those who agree to arbitrate should be made to keep their solemn, written promises. Such is New York State's public policy, plainly written in article 84 of the Civil Practice Act. The courts should follow a ' liberal policy of promoting arbitration both to accord with the original intention of the parties and to ease the current congestion of court calendars ' (*Lawrence Co. v. Devonshire Fabrics,* 271 F. 2d 402, 410)." The same principle is expressed in *Matter of Exercycle Corp. (Maratta)* (9 N Y 2d 329, 333–335) which contains a fine compilation of cases dealing with arbitration.

There is, however, nothing irrevocable about an agreement to arbitrate. Both of the parties may abandon this method of settling their differences, and under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration. As was so well said by a court of a sister jurisdiction: " A mere agreement to submit future differences to arbitration does not oust the court of jurisdiction to decide the matter. It is revocable, and bringing suit is a revocation of the contract." (*McKenna Process Co. v. Blatchford Corp.,* 304 Ill. App. 101, 116–117.)

We are in agreement with the statement in *I. H. P. Corp. v. 210 Central Park Corp.* (16 A D 2d 461, 465, affd. 12 N Y 2d 329), where in a different context it was said: " A party cannot reasonably be deemed to have waived a remedy *unless he seeks others, knowing they are exclusive.*" (Emphasis supplied.) Examining the instant appeal in the light of this pronouncement we find that the plaintiff in its demand for arbitration asked that the arbitrators find that the appellant had breached his agreement and sought an accounting and payment of all

moneys due it. The fact that three days after service of this demand respondent began the Supreme Court action gives support to appellant's contention that this was a deliberate election to settle the disputes in a court of law. In its plenary action respondent sought the identical relief from appellant that it requested in its demand for arbitration plus additional extensive claims against the two corporations, which, of course, it could not reach in arbitration. Although the interval between the demand for arbitration and the institution of the action was indeed short, the respondent's act in starting the action was a positive and unequivocal election to ignore its contractural right to arbitration and to seek to resolve all of its claims in the court suit. Further affirmation of the respondent's decision to pursue its remedies at law was the institution of pretrial examination of appellant after the filing of the answer and counterclaim. If the sole purpose for the commencement of the action was to reach the two corporations, why did respondent join appellant as a party defendant and immediately proceed vigorously to go forward with the examination of him? (See *Oklahoma Pub. Co.* v. *Parsons & Whittemore,* 255 App. Div. 589.)

Certainly it would be reasonable and prudent to choose but one method of determining this controversy. To permit the dual processes now pending to continue side by side might well result in two contrary determinations. The possibility of such an incongruous result should be avoided. The present dilemma is of the plaintiff's making for it is the aggressive party in both procedures. It is quite understandable that the appellant does not want to be whipsawed between arbitration and action. He has properly sought a solution, under the facts here presented, by asking that the arbitration proceedings be vacated. Respondent, on the other hand, urges that he has a right to ride both horses and Special Term has agreed with it. This we cannot permit. A choice must be made and, in our view, it was made by the respondent when it instituted its plenary suit. By this act it waived and abandoned its right to arbitration and it must lie in the bed it made. Although respondent resists an adjudication of its claims in the Supreme Court, that forum is in fact the only place where all of the demands it asserts can be fully and completely resolved. For these reasons the order should be reversed and the motion granted.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party and motion granted, without costs.