■ In the Matter of HAWTHORNE DEVELOPMENT ASSOCIATES et al., Appellants, v NATHANIEL D. GRIBIN et al., Respondents. —In a proceeding to stay arbitration of a dispute over the termination of an agreement which gave the respondent N. D. Gribin & Company the exclusive right to sell certain condominium units, the petitioners appeal from an order of the Supreme Court, Westchester County (Beisner, J.), dated April 1, 1986, which denied their motion to renew their application for a stay which was previously denied by order dated September 3, 1985.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to renew is granted, and, upon renewal, the order dated September 3, 1985 is vacated and the application to permanently stay arbitration is granted.

The respondents demanded arbitration after the petitioners terminated the employment of the respondent N. D. Gribin & Company as the exclusive sales and marketing agent for the petitioners' condominium project. In an order dated September 3, 1985 (Beisner, J.), the court denied the petitioners' application for a stay of arbitration, finding that the arbitration clauses in the subject agreements were broad enough to

encompass the respondents' claims for damages for breach of contract and breach of fiduciary duty. Subsequently, during that same month of September, the respondents commenced an action in the Supreme Court, Nassau County, against the petitioners seeking, among other relief, damages related to the termination of N. D. Gribin & Company's employment. Six causes of action were alleged in the complaint. Causes of action two through five encompass tort claims against parties who did not sign the subject agreements and cannot be compelled to submit to arbitration. Causes of action one and six allege, respectively, conspiracy to defraud and prima facie tort related to the decision by the petitioners to terminate the respondent N. D. Gribin & Company as exclusive sales agent and substitute another company. Although labeled differently, these two causes of action encompass the breach of contract issues raised in the arbitration proceeding.

Arbitration is a contractual right that can be waived (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272). We find that, by having commenced an action at law involving arbitrable issues, the respondents waived their right to arbitration, and the petitioners are entitled to a permanent stay of the arbitration proceeding (*see, Matter of United Paper Mach. Corp. [Di Carlo]*, 19 AD2d 143, *affd* 14 NY2d 814). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.