LESLIE GREENIDGE et al., Appellants, v CITY OF NEW YORK, Respondent.

While the jury was out deliberating in this personal injury action, defendant made a settlement offer of $250,000, which plaintiffs rejected. Thereafter, the Trial Justice informed the parties that the jury had reached a verdict, but defendant's attorney, apparently due to noise in the room, misunderstood him to say that he would be calling the jury back soon since it was almost 5 o'clock, and once again made an offer to settle for $250,000, which this time was accepted by plaintiffs. However, as soon as defendant's attorney learned that the jury had reached a verdict, she withdrew the offer, whereupon plaintiffs sought to enforce the alleged agreement. The negotiations having taken place outside of the presence of the Trial Justice and the reporter, a reconstruction of the events was attempted with the Trial Justice noting that he first learned of the purported settlement offer only when he heard plaintiffs' counsel claim that the offer was accepted. The jury was

then called in and announced a verdict in favor of defendant. Plaintiffs moved to set aside the verdict and to enforce the purported settlement, which motion was denied.

The purported stipulation is unenforceable since it was neither in a subscribed writing nor made in open court (CPLR 2104; *see, Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Nor have plaintiffs shown that there was substantial compliance with the purported agreement, or that they detrimentally relied on it *(see, supra,* at 11, citing *Golden Arrow Films v Standard Club,* 38 AD2d 813). Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.