In the Matter of G.J. DiBenedetto, M.D., P.C., Retirement Trust, et al., Respondents, v Nationwide Associates, Inc., et al., Appellants, et al., Respondents. (Proceeding No. 1.) In the Matter of Parisi Enterprises, Inc., Profit Sharing Trust, Respondent, v G.J. DiBenedetto M.D., P.C., Retirement Trust, et al., Respondents, and Nationwide Associates Inc., et al., Appellants. (Proceeding No. 2.) [747 NYS2d 777]

Following an arbitration wherein an award was rendered in favor of the petitioners, G.J. DiBenedetto, M.D., P.C., Retirement Trust (hereinafter DiBenedetto), Targee St., Internal Medicine Group, P.C. (hereinafter Targee), and Parisi Enterprises, Inc., Profit Sharing Trust (hereinafter Parisi), DiBenedetto and Targee commenced Proceeding No. 1 and Parisi commenced Proceeding No. 2 to confirm the award. In

both proceedings, Nationwide Associates, Inc. (hereinafter Nationwide), and Barry Richter cross-moved to dismiss the petitions on the ground that, among other things, service of process was improper. The Supreme Court then referred the proceedings to a Judicial Hearing Officer (hereinafter the J.H.O.) for a hearing on the issue of service, and, after the hearing, the J.H.O. sustained service in both proceedings.

Following the issuance of the J.H.O.'s report, DiBenedetto, Targee, and Parisi moved to confirm the report as well as the arbitration award. Nationwide and Richter cross-moved to reject the report. Although no transcript of the hearing on the issue of service was filed, the Supreme Court, inter alia, confirmed the report.

The notice of petition and the affidavits of service in Proceeding No. 1 clearly demonstrate that the notice of petition did not include the proper amended return date and therefore was jurisdictionally defective (*see Matter of Hawkins v McCall,* 278 AD2d 638; *Matter of Civil Serv. Empls. Assn. Local No. 1000 AFSCME, AFL-CIO v Albrecht,* 180 AD2d 183). Accordingly, Proceeding No. 1 must be dismissed for lack of jurisdiction.

Proceeding No. 2 must be dismissed as well. Arbitration is a contractual right which may be waived (*see Sherrill v Grayco Bldrs.,* 64 NY2d 261; *Matter of Hawthorne Dev. Assoc. v Gribin,* 128 AD2d 874). Here, Parisi chose to pursue and litigate these claims in a federal court. The issues were adjudicated in that forum, and a stipulation of settlement was entered into by the parties. Therefore, the arbitrator should have applied the doctrine of res judicata to this proceeding and should not have conducted an arbitration (*see Matter of Reed v Cohen,* 120 AD2d 598; *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 91 AD2d 969). Accordingly, the arbitrator exceeded his authority (*see* CPLR 7511 [b] [1] [iii]). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.

■ In the Matter of Kᴙᴌᴇ H., a Child Alleged to be a Juvenile Delinquent, Respondent. Nᴇᴡ Yᴏʀᴋ Sᴛᴀᴛᴇ Oғғɪᴄᴇ ᴏғ Cʜɪʟ-ᴅʀᴇɴ ᴀɴᴅ Fᴀᴍɪʟʏ Sᴇʀᴠɪᴄᴇs, Appellant. [747 NYS2d 797] ■