■ DEAN E. HART, Respondent, v TRI-STATE CONSUMER, INC., Defendant, and PENNY FERN HART, Appellant. [795 NYS2d 606]—

In an action, inter alia, pursuant to Business Corporation Law § 720 to compel the defendant Penny Fern Hart to account for her alleged misconduct in the management of the defendant

Tri-State Consumer, Inc., to enjoin Penny Fern Hart from further participation in the management of Tri-State Consumer, Inc., to compel the defendants to permit the plaintiff to inspect the books and records of the defendant Tri-State Consumer, Inc., and for specific performance of an agreement to arbitrate disputes between the plaintiff and Penny Fern Hart, Penny Fern Hart appeals (1) from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated January 22, 2004, which granted the plaintiff's motion to compel arbitration and directed a hearing to determine whether the arbitrator was impartial and (2), as limited by her brief, from so much of an order of the same court dated March 18, 2004, as granted the plaintiff's motion for reargument and, upon reargument by the plaintiff and Penny Fern Hart, adhered to so much of the original determination as granted the plaintiff's motion to compel arbitration and vacated so much of the order dated January 22, 2004, as directed a hearing to determine whether the arbitrator was impartial.

Ordered that the appeal from the order dated January 22, 2004, is dismissed, as that order was superseded by the order dated March 18, 2004, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated March 18, 2004, as granted the plaintiff's motion for reargument is dismissed as academic; and it is further,

Ordered that the order dated March 18, 2004, is reversed insofar as reviewed, on the law, the order dated January 22, 2004, is vacated, and the plaintiff's motion to compel arbitration is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

On or about September 5, 2003, the plaintiff commenced an action, inter alia, pursuant to Business Corporation Law § 720 to compel the defendant Penny Fern Hart (hereinafter Penny Hart) to account for her alleged misconduct in the management of the defendant Tri-State Consumer, Inc. (hereinafter TSC), to enjoin Penny Hart from further participation in the management of TSC, to compel the defendants to permit the plaintiff to inspect the books and records of TSC, and to enjoin a meeting of the shareholders of TSC consisting of the plaintiff and Penny Hart until Penny Hart provided the plaintiff with a copy of the by-laws. In response, Penny Hart agreed to provide the plaintiff with a copy of TSC's by-laws and agreed to adjourn the shareholders' meeting.

In October 2003, the plaintiff and Penny Hart, as shareholders of TSC, met and were unable to settle their differences. By letter dated October 20, 2003, served by Facsimile and first-class mail, the plaintiff for the first time contended that the

controversy was subject to arbitration pursuant to an agreement dated April 19, 1990, and demanded arbitration. By letter dated October 24, 2003, Penny Hart's counsel stated that "your position regarding arbitration is at odds with the fact that your client has already commenced a lawsuit in state court."

On or about October 30, 2003, the plaintiff amended his verified complaint in the instant action to add a cause of action for specific performance of the agreement to arbitrate and moved to compel arbitration by order to show cause dated December 1, 2003. In opposition, counsel for Penny Hart noted that "there is a fundamental contradiction in bringing an action for judicial resolution of a host of grievances" and seeking arbitration in the same action.

The Supreme Court granted the motion to compel arbitration, and, inter alia, adhered to that determination upon reargument. Penny Hart appealed and moved to stay arbitration. Her motion was denied by decision and order on motion of this Court dated April 20, 2004, and the parties proceeded to arbitration. Since Penny Hart sought to stay arbitration pending appeal she did not waive her right to appeal from the order compelling arbitration by participating in the arbitration (*see Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255, 264 [1997]).

The Court of Appeals has held that where a party seeks to compel arbitration and at the same time seeks protective relief to preserve the status quo pending arbitration, there is no waiver of arbitration (*see Preiss/Breismeister Architects v Westin Hotel Co.-Plaza Hotel Div.,* 56 NY2d 787, 789 [1982]; *Sherrill v Grayco Bldrs.,* 64 NY2d 261, 273 [1985]). The plaintiff did not seek arbitration until after he had commenced the instant action and settlement negotiations were unsuccessful. Further, the plaintiff did more than seek protective relief to preserve the status quo pending arbitration. He commenced an action seeking a judicial determination of the controversy and only sought arbitration after efforts at settlement failed. He alleged the same wrongs in the arbitration and in the action, inter alia, that Penny Hart breached her fiduciary duty to TSC, and he sought the same relief (*see Johanson Resources v LaVallee,* 271 AD2d 832 [2000]). By commencing an action at law involving arbitrable issues, the plaintiff waived whatever right he had to arbitration (*see Matter of Worcester Ins. Co. v Sauro,* 251 AD2d 509 [1998]; *Matter of Hawthorne Dev. Assoc. v Gribin,* 128 AD2d 874 [1987]).

Accordingly, the plaintiff's motion to compel arbitration should have been denied. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.