■ Dean E. Hart, Respondent, v Tri-State Consumer, Inc., Defendant, and Penny Fern Hart, Appellant. Tri-State Consumer Insurance Company, Nonparty Appellant. [796 NYS2d 623]—

In an action, inter alia, pursuant to Business Corporation Law § 720 to compel the defendant Penny Fern Hart to account for her alleged misconduct in the management of the defendant Tri-State Consumer, Inc., to enjoin Penny Fern Hart from further participation in the management of Tri-State Consumer, Inc., to compel the defendants to permit the plaintiff to inspect the books and records of the defendant Tri-State Consumer, Inc., and for specific performance of an agreement to arbitrate disputes between the plaintiff and Penny Fern Hart, the defendant Penny Fern Hart appeals from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 17, 2004, which denied her motion, inter alia, to vacate an arbitration award dated June 14, 2004, directing her to grant the plaintiff access to the books and records of Tri-State Consumer, Inc., and its subsidiaries, (2) an order of the same court, also dated August 17, 2004, which denied as academic the plaintiff's motion to confirm the arbitration award dated June 14, 2004, on the ground that the court had granted similar relief in an order dated June 17, 2004, (3) an order of the same court entered October 8, 2004, which granted the plaintiff's motion to confirm five arbitration awards dated July 27, 2004, and denied her cross motion to vacate the arbitration awards, and (4) an order of the same court dated October 26, 2004, which granted the plaintiff's motion to enforce the arbitration awards with respect to certain bank accounts, and the nonparty appellant Tri-State Consumer Insurance Company, separately appeals from the order entered October 8, 2004.

Ordered that the appeal from the order dated October 26, 2004, is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal from the order dated August 17, 2004, which denied the plaintiff's motion to confirm the arbitration award dated June 14, 2004, is dismissed, as the defendant-appellant is not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the order dated August 17, 2004, which denied the defendant-appellant's motion to vacate the arbitration award dated June 14, 2004, is reversed, on the law, the motion to vacate is granted, and the arbitration award dated June 14, 2004, is vacated; and it is further,

Ordered that the order entered October 8, 2004, is reversed, on the law, the plaintiff's motion to confirm the arbitration awards dated July 27, 2004, is denied, the cross motion is granted, the arbitration awards dated July 27, 2004, are vacated, and the order dated October 26, 2004, is vacated; and it is further,

Ordered that the defendant-appellant is awarded one bill of costs, payable by the plaintiff.

This Court determined in the companion appeals (see Hart v Tri-State Consumer, Inc., 18 AD3d 610 [2005] [decided herewith]) that the plaintiff waived arbitration by commencement of the instant action. Accordingly, the arbitration awards must be vacated. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.