OPINION OF THE COURT
Emily Jane Goodman, J.
Where an attorney, in the course of representing his or her client, advances legal arguments without merit, the well known possibility of sanctions looms. However, attorneys should also take heed of Civil Rights Law § 70, a lesser known, but potential, alternative to sanctions in cases such as this one.
Defendants Daniel Zimmerman and Steven Cohn, PC. (together Z&C) move, pursuant to CPLR 3211 (a) (1) and (7), for an order dismissing the complaint as to them. The complaint alleges two causes of action, the first under Civil Rights Law §§ 70 and 71, and the second alleging libel. The motion is granted to the extent that the libel cause of action is dismissed but the motion is otherwise denied. Civil Rights Law § 70 provides, in relevant part, that “[i]f a person vexatiously or maliciously, in the name of another but without the latter’s consent . . . commences or continues ... an action or special proceeding ... an action to recover damages therefor may be maintained against him by the adverse party to the action or special proceeding . . . .” Civil Rights Law § 71 provides that, in an action brought under Civil Rights Law § 70, the adverse party plaintiff may recover treble damages. The essence of the complaint is that Z&C commenced and continued an action *974 against plaintiff, in the name of, but without authorization from, nonparty Tri-State Consumer, Inc. (TSC), and that, in the course of that litigation, defamed plaintiff.[1]
Background
This action stems from a dispute between two siblings, nonparty Penny Fern Hart and defendant Dean Evan Hart, who were, and remain, equal co-owners of TSC and its subsidiaries. In 2003, Dean commenced an action in his name (first action) against Penny and TSC in Supreme Court, Nassau County, alleging, among other matters, that, as president of TSC, she had mismanaged the affairs of the corporation. At that time, Dean was vice-president of TSC, and he and his sister were the only directors and officers of the corporation. Shortly thereafter, Dean amended his complaint to add a claim for specific performance of an arbitration agreement that he and Penny had executed, which named their father, Ronald Hart (arbiter), as binding arbiter of disputes concerning their joint business enterprises. Dean moved for summary judgment on that claim, which motion was granted by the court, Justice Warshawsky. The parties proceeded to arbitration, and by award dated July 27, 2004, the arbiter, without an election, deemed himself appointed as a third director of TSC. Dean then noticed a meeting of the board of directors for August 13, 2004, at which meeting Dean and Ronald Hart elected Dean as president of TSC, ousting his sister. By order, dated September 30, 2004, the court granted Dean’s motion to confirm the arbitration. Penny filed a notice of appeal, and Dean noticed a new meeting of the TSC board for October 15, 2004. At that meeting, the August 13, 2004 resolution electing Dean president was ratified, and the meeting was adjourned to October 20, 2004. On October 20th, the board passed a resolution authorizing a suit against plaintiff herein to recover sums paid by TSC to plaintiff for legal services allegedly performed on behalf of Penny personally. The resolution authorized Dean to take all necessary action to commence and prosecute the suit. Thereupon, nonparty Tri-State Consumer Insurance Company (TSCIC), a subsidiary of TSC, made a third-party application to the Appellate Division, Second Department, for a stay of Justice Warshawsky’s September 30, *975 2004 order confirming the arbitration. On November 5, 2004, the Appellate Division granted TSCIC a temporary restraining order, including a stay of “all proceedings, including the enforcement of the September 30, 2004 Order of the Court below, [and] the enforcement of the July 27, 2004 [arbiter’s] award.” Penny then filed a motion also seeking a stay pending the determination of her appeal. By order dated December 2, 2004, the Appellate Division, Second Department, issued a stay, providing, in relevant part: “ORDERED that enforcement of the orders entered October 8, 2004, and dated October 26, 2004, respectively and the arbitration award dated July 27, 2004, as well as all proceedings in the above-entitled action and any arbitration proceedings between the parties are stayed, pending hearing and determination of the appeals.” Dean subsequently retained defendant Z&C to represent TSC in an action against plaintiff, Tri-State Consumer, Inc. v Mintz & Gold, L.L.P. (Sup Ct, Nassau County, index No. 005054/05 [second action]). Then, pursuant to the appeal of the first action, the Appellate Division, by orders dated May 16, 2005, vacated the order directing arbitration, and denied Dean’s motion to compel arbitration, on the ground that Dean had waived arbitration by commencing the action against Penny and TSC (Hart v Tri-State Consumer, Inc., 18 AD3d 610 [2d Dept 2005] {Hart /]), and reversed the order denying Penny’s motion to vacate the award, reversed the order confirming the award, and vacated the award {Hart v Tri-State Consumer, Inc., 18 AD3d 613 [2d Dept 2005] (Hart II]). By letter dated May 19, 2005, addressed to Z&C, Penny asserted that she was, once again, the president of TSC, and directed Z&C to discontinue the second action. Zimmerman responded that Dean remained the president of TSC, and that Penny lacked authority to act on behalf of TSC. By decision and order dated October 26, 2005, Justice Warshawsky dismissed the complaint in the second action.
Plaintiff’s first cause of action is predicated on plaintiffs contention that once that stay was issued, Dean was no longer president of TSC, and therefore lacked authority to retain Z&C to institute or to continue the second action. Z&C maintains that plaintiff has no standing to question the TSC board’s action, that the Appellate Division’s orders did not vacate the actions of the board, and that Dean was authorized to commence and continue the second action in the name of TSC because he *976 could have brought the action derivatively, under Business Corporation Law § 626.[2]
Discussion
CPLR 5519 (c) provides, in relevant part, that “[t]he court from or to which an appeal is taken . . . may stay all proceedings to enforce the judgment or order appealed from . . . .” Thus, a stay does not restore the status quo ante, as plaintiff appears to believe, but only maintains the status quo. It bars enforcement of the order appealed from, but it does not vacate the order. Absent a decretal provision in addition to the stay, a stay pursuant to CPLR 5519 (c), like an automatic stay pursuant to CPLR 5519 (a), “is restricted to the executory directions of the judgment or order appealed from which command a person to do an act . . . [but] does not extend to matters that are not commanded but which are the sequelae of granting or denying relief.” (Matter of Pokoik v Department of Health Servs. of County of Suffolk, 220 AD2d 13, 15 [2d Dept 1996].)
“Those provisions of the judgment or order appealed from which are self executing upon its promulgation . . . are not undone .... A motion decided by an order does not become undecided and the declaratory provisions of a judgment are not undeclared [by a stay].” (Id., citing City of Utica v Hanna, 249 NY 26, 30 [1928].) Accordingly, the December 4, 2004 stay did not retroactively invalidate the order compelling arbitration, the July 27, 2004 award, the August 13, 2004 election of Dean as president of TSC, the September 30, 2004 confirmation of that election, or the October 20th resolution authorizing Dean to retain counsel to commence an action against plaintiff. Thus, at the time that Z&C commenced the second action, there was reason for it to believe that it was authorized to do so by its client, TSC.[3]
Plaintiff argues that, even if the stay did not divest Dean of the presidency of TSC, the May 16, 2005 orders of the Appellate Division certainly did so, inasmuch as they, respectively, vacated the lower court’s order compelling arbitration and denied Dean’s motion to compel arbitration {Hart I), and re *977 versed the lower court’s order denying Penny’s motion to vacate the June 14, 2004 arbitration award, and vacated that award (Hart IT). The basis of both of those decisions was the holding of the Appellate Division that Dean had waived his right to compel arbitration by having commenced the first action.
As previously noted, Civil Rights Law § 70 imposes liability where a person vexatiously or maliciously “in the name of another but without the latter’s consent” commences or continues an action. Here, although the Appellate Division’s orders did not undo any board actions, they vacated the arbitration award, which was the sole vehicle pursuant to which Ronald Hart became a TSC board member, resulting in the election of Dean as president, and Dean’s authorization to commence actions on behalf of TSC. At that point in time, there was good reason for Z&C to believe that Dean was no longer authorized, as president of TSC, to continue the second action. Moreover, even assuming, as Z&C maintains, that Dean, as a shareholder, was permitted to bring an action in the name of TSC, pursuant to Business Corporation Law § 626, the fact remains that the second action was not commenced or maintained under that provision. Accordingly, because the complaint alleges that, after the Appellate Division orders, the second action was continued vexatiously or maliciously, and without authority from TSC, a cause of action under Civil Rights Law § 70 is stated. Therefore, the motion to dismiss that claim is denied.[4]
Plaintiff’s second cause of action alleges that libelous statements were made by Z&C in two affirmations submitted in connection with the appeal of the second action. Although pertinent statements made in pleadings and in other legal papers in the course of litigation are absolutely privileged (Wiener v Weintraub, 22 NY2d 330 [1968]; Mosesson v Jacob D. Fuchsberg Law Firm, 257 AD2d 381 [1st Dept 1999]), plaintiff alleges that because Z&C was not authorized to act on behalf of TSC, the privilege was lost. Counsel offers no authority whatsoever for this proposition. It is true that the absolute privilege may be lost in a few rare instances (none of which have been cited by plaintiff). For instance, where a party has manipulated *978 the legal process or initiated litigation for the purpose of defaming another, the privilege is lost (see The Savage Is Loose Co. v United Artists Theatre Circuit, Inc., 413 F Supp 555 [SD NY 1976]). However, the complaint does not allege that Z&C initiated the second action for the purpose of defaming plaintiff. Another exception to the absolute privilege is where perjury is committed as a means to accomplish a larger fraudulent scheme (see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211 [1975]; Martinson v Blau, 292 AD2d 234 [1st Dept 2002]). The complaint, however, does not allege such a scheme. Nor can this court create an additional exception, especially where plaintiff has not cited any reasons for one. The absolute privilege has always been broadly construed in order to protect counsel, witnesses and parties, as a matter of public policy (see Mosesson v Jacob D. Fuchsberg Law Firm, 257 AD2d 381, 382 [1st Dept 1999]). With respect to attorneys, the rule rests on the policy that “counsel should be able to ‘ “speak with that free and open mind which the administration of justice demands” ’ without the constant fear of libel suits” (id. [citations omitted]). To find that the absolute privilege is waived in cases involving corporate control battles would result in a chilling effect on attorneys’ speech. Moreover, there is no need to impose such a chilling effect on speech, as attorneys are already subject to sanctions if their arguments concerning a corporate plaintiffs authority to maintain or continue a lawsuit are frivolous, and, as evidenced by this litigation, are also potentially subject to liability under Civil Rights Law § 70.[5]
Accordingly, it is hereby ordered that the motion to dismiss is granted to the extent that the second cause of action for libel is dismissed, but the motion is otherwise denied.

. Although a lawyer who appears as a party may not submit an affirmation in lieu of an affidavit, Zimmerman has done so. However, as plaintiff has not objected, and none of the relevant facts are in dispute, the motion will not be rejected on that basis.

. Although Dean has submitted an affirmation “in support of a motion to dismiss,” Dean has not filed a notice of motion. Accordingly, as a proper motion was not filed, the court will not address his arguments.

. The court rejects plaintiffs misplaced contention that Zimmerman’s argument to the Appellate Division, that a stay should not be imposed because it would undo a number of TSC resolutions, bars Z&C from now arguing that it did not have that effect.

. Although the court has declined to dismiss the Civil Rights Law cause of action because the complaint alleges that Z&C had the requisite intent to vexatiously or maliciously continue the second action without authority, it appears that the more appropriate remedy would have been in the form of sanctions. However, despite concluding that Dean lacked authority to institute or maintain the second action in the name of TSC, Justice Warshawsky denied sanctions because it was not clear to him that the conduct was willful.

. The court notes, incidentally, that this decision will have no impact upon TSC, Penny, or Dean, inasmuch as Penny and Dean have entered into a global settlement of their dispute.