■ In the Matter of MAX GESHWIND, Deceased. DAVID M. GESHWIND, Appellant; FRANK GESHWIND, Respondent. [874 NYS2d 810]—In a probate proceeding in which David M. Geshwind petitioned pursuant to SCPA 1809 to determine the validity of a claim against the estate of the decedent Max Geshwind, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated October 29, 2007, which, upon a decision of the same court dated September 26, 2007, granted the motion of Frank B. Geshwind, as executor of the decedent's estate, for summary judgment denying the petitioner's claims and denied the petitioner's cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

In response to the respondent's prima facie showing of entitlement to summary judgment dismissing the petitioner's claim to a share of the decedent's personal property, the petitioner failed to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Matter of Goodman v Estate of Druck,* 33 AD3d 702 [2006]; *Matter of Casessa,* 298 AD2d 518, 519 [2002]). The petitioner's claim that the respondent effected an inter vivos gift of the decedent's personal property is without merit (*see Kaplan v Levin,* 276 AD2d 528 [2000]; *Bausch v Slone,* 163 AD2d 349 [1990]). The petitioner's claim for contribution from his father's estate for amounts he was surcharged while he and his father were co-executors of his mother's estate is barred by the doctrine of res judicata (*see Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307 [1929]; *Matter of G.J. DiBenedetto, M.D., P.C., Retirement Trust v Nationwide Assoc.,* 297 AD2d 740, 741 [2002]). Rivera, J.P., Spolzino, Ritter and Miller, JJ., concur.

■ In the Matter of MILTON B. HUBBARD, III, Respondent, v JAMINA S. CLAY, Appellant. [873 NYS2d 503]—In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of a corrected order of the Family Court, Nassau County (Phillips, Ct. Atty. Ref.), dated May 30, 2008, as denied that branch of her motion which was for an award of paralegal fees from the father.

Ordered that the corrected order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in denying that branch of her motion which was for an award of paralegal fees from the father (*see generally Kyle v Kyle,* 94 AD2d 866 [1983]). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.