■ In the Matter of COUNTY OF ROCKLAND, Appellant, v ROCKLAND ASSOCIATION OF MANAGEMENT, Respondent. [891 NYS2d 285]—

After Zoltan Vaizer was terminated from his employment with the petitioner, County of Rockland, he commenced a proceeding pursuant to CPLR article 78 to review the County's determination. Vaizer alleged, inter alia, breaches of a collective bargaining agreement between the County and the respondent, Rockland Association of Management (hereinafter the association), of which he was a member. Shortly thereafter, the association, on behalf of Vaizer, served a notice of intention to arbitrate, in accordance with the final step in the grievance procedure outlined in the collective bargaining agreement. The County commenced the instant proceeding to permanently stay the arbitration, and the association cross-moved to compel arbitration. The Supreme Court, determining that there was no waiver of the right to arbitrate, denied the petition and granted the cross motion. We reverse.

A right to arbitration may be modified, waived, or abandoned (see Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]). The commencement of the CPLR article 78 proceeding seeking a judicial determination of whether the County breached the collective bargaining agreement constituted a waiver of the right to arbitration (see Hart v Tri-State Consumer, Inc., 18 AD3d 610, 612 [2005]; Matter of G.J. DiBenedetto, M.D., P.C., Retire-

*ment Trust v Nationwide Assoc.,* 297 AD2d 740, 741 [2002]; *Matter of Worcester Ins. Co. v Sauro,* 251 AD2d 509 [1998]; *Matter of Hawthorne Dev. Assoc. v Gribin,* 128 AD2d 874, 875 [1987]). This is not a situation where either the claims pursued and/or the remedies sought are essentially different (*compare Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.],* 35 NY2d 599 [1974]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.