■ In the Matter of CHAIM WALDMAN et al., Appellants, v MOSDOS BOBOV, INC., et al., Respondents, and BOBOVER YESHIVA BNEI ZION, Also Known as BOBOV BNEI ZION, Respondent. [898 NYS2d 523]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioners appeal from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated August 6, 2008, which denied their petition to confirm the award and granted the cross petition to vacate the award, and (2) so much of an order of the same court dated December 19, 2008, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 6, 2008, is dismissed, as that order was superseded by the order dated December 19, 2008, made upon renewal and reargument; and it is further,

Ordered that the order dated December 19, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent-respondent.

"Like contract rights generally, a right to arbitration may be modified, waived or abandoned" (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]). Where a party affirmatively seeks the benefits of litigation, in a manner "clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration," the right to arbitrate has been waived (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007] [internal quotation marks omitted]; *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 372 [2005]; *Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]; *Fein v General Elec. Co.*, 40 AD3d 807 [2007]).

Here, the petitioners previously commenced two judicial actions regarding the same dispute upon which this arbitration award is based, one of which terminated with this Court's affirmance of the dismissal of the complaint (*see Waldman v Bobover Yeshiva Bnei Zion*, 289 AD2d 399 [2001]). "By commencing an action at law involving arbitrable issues, [the petitioners] waived whatever right [they] had to arbitration" (*Hart v Tri-State*

*Consumer, Inc.*, 18 AD3d 610, 612 [2005]; *see Denihan v Denihan*, 34 NY2d 307 [1974]; *Matter of G.J. DiBenedetto, M.D., P.C., Retirement Trust v Nationwide Assoc.*, 297 AD2d 740 [2002]; *Matter of Hawthorne Dev. Assoc. v Gribin*, 128 AD2d 874 [1987]). Moreover, once waived, the right to arbitrate cannot be regained, even by the respondent's failure to seek a stay of arbitration (*see Sherrill v Grayco Bldrs.*, 64 NY2d at 274; *Ryan v Kellogg Partners Inst. Servs.*, 58 AD3d 481 [2009]; *Tengtu Intl. Corp. v Pak Kwan Cheung*, 24 AD3d 170 [2005]; *Bucci v McDermott*, 156 AD2d 328 [1989]). Since the arbitrators should not have conducted the arbitration, the award exceeded their authority (*see* CPLR 7511 [b] [1] [iii]; *Matter of G.J. DiBenedetto, M.D., P.C., Retirement Trust v Nationwide Assoc.*, 297 AD2d at 741), and the cross petition to vacate the award should have been granted on this ground. Accordingly, the order dated December 19, 2008, must be affirmed insofar as appealed from on this alternative ground (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]). Prudenti, P.J., Dillon, Eng and Roman, JJ., concur. **[Prior Case History: 20 Misc 3d 1130(A), 2008 NY Slip Op 51669(U).]**