■ NATHAN BRACH, Respondent-Appellant, v HARMONY SERVICES, INC., et al., Appellants-Respondents, et al., Defendants. [940 NYS2d 652]—

In an action, inter alia, for a permanent injunction, the defendants Harmony Services, Inc., and Leah Hirth appeal from so much of an order of the Supreme Court, Orange County (Cohen, J.), dated December 7, 2010, as granted the plaintiff's motion for a preliminary injunction, denied their cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and denied their separate motion pursuant to CPLR 511 (b) to change the venue of the action from Orange County to Kings County, and the plaintiff cross-appeals from so much of the same order as denied his cross motion to compel arbitration and granted the motion of the defendants Harmony Services, Inc., and Leah Hirth to stay arbitration.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for a preliminary injunction, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2003, the defendant Harmony Services, Inc. (hereinafter Harmony), a not-for-profit corporation, was created. The certificate of incorporation named the plaintiff, Nathan Brach, and the defendants Leah Hirth, Jacob Freund, and Herman Friedman as its initial board of directors, and provided that the corporation was to be operated by at least three of its directors. In 2010, the plaintiff commenced this action alleging, inter alia, that Hirth had been acting on behalf of Harmony, engaging in transactions worth millions of dollars, without the approval of any of the other three directors, and that Hirth incorrectly claimed that the other three directors had been removed from the board.

"In order 'to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position' " (*Gluck v Hoary*, 55 AD3d 668, 668 [2008], quoting *Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007]; *see Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Here, since it is unclear as to who are the board members of Harmony, the plaintiff has not demonstrated a likelihood of ultimate success on the merits (*see Brookhaven Baymen's Assn., Inc. v Town of Southampton*, 85 AD3d 1074, 1078 [2011]; *Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]; *Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612 [2008]; *cf.* CPLR 6312 [c]; *S.P.Q.R. Co., Inc. v United Rockland Stairs, Inc.*, 57

AD3d 642 [2008]). In this regard, the Supreme Court should not have, in effect, rejected the minutes from three board meetings submitted by Harmony and Hirth (hereinafter together the appellants) to show that the plaintiff, along with Freund and Friedman, were no longer members of the Harmony Board. The minutes were signed by an alleged secretary of Harmony, and the appellants subsequently submitted affidavits from persons who attended those meetings attesting to the authenticity of the minutes (*see generally People v Ely*, 68 NY2d 520, 527 [1986]; *DFI Communications v Greenberg*, 41 NY2d 602, 606-607 [1977]). Although the plaintiff's submissions raised an issue of fact as to the authenticity of the minutes, they did not warrant rejecting them outright. Therefore, the Supreme Court should have denied the plaintiff's motion for a preliminary injunction.

In light of the parties' conflicting submissions as to who sits on the Harmony Board, a factual dispute exists as to whether the plaintiff possesses standing to sue (*see* N-PCL 623 [a]; 720). Consequently, the Supreme Court properly denied that branch of the appellants' cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing to sue.

That branch of the appellants' cross motion which was pursuant to CPLR 3211 (a) (5) also was properly denied, as the appellants failed to establish their prima facie entitlement to dismissal of the complaint on that basis (*see Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]).

The appellants' motion to change the venue of the action from Orange County to Kings County was properly denied. The plaintiff designated Orange County as the venue on the basis that, at the time of the commencement of the action, Freund resided there (*see* CPLR 503 [a]). The appellants failed to demonstrate that Freund did not reside in Orange County at the time the action was commenced (*see* CPLR 510 [1]; *cf. Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Neu v St. John's Episcopal Hosp.*, 27 AD3d 538 [2006]), and did not show that the plaintiff improperly engaged in forum shopping, as Freund is not a nominal party (*see Yanez v Western Beef, Inc.*, 28 AD3d 751, 752 [2006]; *see also Schwimmer v Welz*, 56 AD3d 541, 544 [2008]).

The Supreme Court properly denied the plaintiff's cross motion to compel arbitration, and properly granted the appellants' motion to stay arbitration. Under the circumstances, the plaintiff waived whatever right he had to arbitration (*see Matter of Waldman v Mosdos Bobov, Inc.*, 72 AD3d 983 [2010]; *Hart v Tri-State Consumer, Inc.*, 18 AD3d 610, 612 [2005]; *Matter of Hawthorne Dev. Assoc. v Gribin*, 128 AD2d 874 [1987]).

The appellants' remaining contention is not properly before this Court, as it was raised for the first time on appeal in their reply brief (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]). Mastro, A.P.J., Balkin, Chambers and Lott, JJ., concur.