■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v ALMETA HOWELL, Respondent. [56 NYS3d 89]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about April 14, 2016, which denied petitioner's motion to permanently stay arbitration, unanimously reversed, on the law, without costs, and the motion granted.

Petitioner seeks to permanently stay an underinsured motorist benefits arbitration proceeding brought by respondent in New York.

The motion court erred in dismissing the motion to stay as untimely. The time restrictions set forth at CPLR 7503 (c) do not apply where, as here, respondent waived her right to arbitrate by initiating litigation on the same claims (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272-273 [1985]; *Matter of Waldman v Mosdos Bobov, Inc.*, 72 AD3d 983, 983 [2d Dept 2010], *lv denied* 15 NY3d 715 [2010]). "[O]nce waived, the right to arbitrate cannot be regained, even by the respondent's failure to [timely] seek a stay of arbitration" (*Waldman*, 72 AD3d at 984; *see also Ryan v Kellogg Partners Inst. Servs.*, 58 AD3d 481, 481-482 [1st Dept 2009]).

That petitioner participated, under objection, in the arbitration is immaterial. Even if the arbitration had been completed and an award issued, the award would be subject to vacatur on the ground that the arbitrator lacked authority to conduct the arbitration (*see* CPLR 7511 [b] [1] [iii]; *Waldman*, 72 AD3d at 984).

Respondent's argument that an evidentiary hearing is required is likewise unavailing. Respondent submitted evi-

dence suggesting that petitioner acted in bad faith by requesting a change of venue from South Carolina to New York and then claiming that New York was not a proper venue (*see Matter of Hertz Corp. v Holmes*, 106 AD3d 1001, 1002-1003 [2d Dept 2013]; *Matter of Liberty Mut. Ins. Co. v Mohabir*, 68 AD3d 435, 435 [1st Dept 2009]). But even assuming there was an agreement between counsel to proceed in New York, it appears to have been an agreement to litigate—*not* arbitrate—in New York, which only points to continuing respondent's 2012 action to the extent it seeks a court declaration that petitioner is required to provide coverage. At any rate, the agreement (to the extent there was one) was not binding on the parties because it was not memorialized in a signed writing (*see* CPLR 2104; *Greenidge v City of New York*, 179 AD2d 386, 387 [1st Dept 1992]). Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ.