Matter of City of Yonkers v Yonkers Firefighters (2018 NY Slip Op 06738)





Matter of City of Yonkers v Yonkers Firefighters


2018 NY Slip Op 06738


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-06853
 (Index No. 70952/15)

[*1]In the Matter of City of Yonkers, respondent,
v
Yonkers Firefighters, etc., et al., appellants.


Archer, Byington, Glennon and Levine, LLP, Melville, NY (John H. Byington of counsel), for appellants.
Michael V. Curti, Corporation Counsel, Yonkers, NY (Coughlin & Gerhart, LLP [Paul J. Sweeney], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated September 26, 2015, the appeal is from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 10, 2016. The judgment granted the petition and vacated the arbitration award.
ORDERED that the judgment is affirmed, with costs.
The facts of this case are more fully summarized in the decision and order in a companion appeal (see Matter of Yonkers Firefighers v City of Yonkers, _____ AD3d _____ [Appellate Division Docket No. 2016-02470; decided herewith]). The appellants, Christopher Giardini and the Yonkers Firefighters, Local 628, International Association of Fire Fighters, AFL-CIO, filed a demand for arbitration on December 4, 2014, alleging that Giardini had been improperly terminated from the position of firefighter in violation of a collective bargaining agreement with the City of Yonkers. Two weeks later, the appellants commenced a proceeding pursuant to CPLR article 78 to review the determination of the City terminating Giardini's employment. The appellants actively prosecuted both matters and, on September 26, 2015, received an arbitration award in their favor. By petition dated December 23, 2015, the City commenced this proceeding pursuant to CPLR article 75 to vacate the September 26, 2015, arbitration award. The petition alleged, among other things, that the arbitrator lacked authority to arbitrate the dispute because the appellants waived arbitration of the dispute by commencing and prosecuting the CPLR article 78 proceeding. By judgment dated June 10, 2016, the Supreme Court granted the petition and vacated the arbitration award.
" Like contract rights generally, a right to arbitration may be modified, waived or abandoned'" (Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983, 983, quoting Sherrill v Grayco Bldrs., 64 NY2d 261, 272). "Where a party affirmatively seeks the benefits of litigation, in a manner clearly inconsistent with [its] claim that the parties were obligated to settle their differences by arbitration,' the right to arbitration has been waived" (Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d at 983, quoting Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66; see Matter of Hawthorne Dev. Assoc. v Gribin, 128 AD2d 874). "[O]nce waived, the right to [*2]arbitrate cannot be regained, even by the respondent's failure to seek a stay of arbitration" (Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d at 984; accord Matter of Allstate Ins. Co. v Howell, 151 AD3d 461).
Here, the appellants commenced a CPLR article 78 proceeding challenging Giardini's termination from his employment two weeks after filing their demand for arbitration on December 4, 2014. Thereafter, the appellants actively prosecuted the CPLR article 78 proceeding until their receipt of a favorable arbitration award on September 26, 2015. " By commencing an action at law involving arbitrable issues, [the appellants] waived whatever right [they] had to arbitration'" (Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d at 983, quoting Hart v Tri-State Consumer, Inc., 18 AD3d 610, 612; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363). Since the appellants commenced the CPLR article 78 proceeding during the pendency of the arbitration and the City correctly argued that the appellants waived their right to arbitration as a result, the arbitrator should not have conducted the arbitration. Therefore, the award exceeded the arbitrator's authority (see CPLR 7511[b][iii]; Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983). Accordingly, we agree with the Supreme Court's determination granting the petition and vacating the arbitration award.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., LEVENTHAL, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court