Matter of Village of Bronxville v Bronxville Police Taylor Act Comm. (2019 NY Slip Op 02710)





Matter of Village of Bronxville v Bronxville Police Taylor Act Comm.


2019 NY Slip Op 02710


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-13457
 (Index No. 59098/17)

[*1]In the Matter of Village of Bronxville, respondent,
v
Bronxville Police Taylor Act Committee, et al., appellants.


Bartlett LLP, White Plains, NY (Warren J. Roth of counsel), for appellants.
Bond, Schoeneck & King PLLC, Garden City, NY (Christopher T. Kurtz, Richard S. Finkel, and Terry O'Neil of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for health insurance benefits under a collective bargaining agreement, the Bronxville Police Taylor Act Committee and Thomas Kempkes appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated October 19, 2017. The order granted the petition to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
On November 19, 2007, the Village of Bronxville terminated Thomas Kempkes' employment as a police officer. In a letter dated July 29, 2010, the Village notified Kempkes that his health insurance coverage, as well as any other insurance coverage that had been provided by the Village, would terminate effective August 31, 2010. Kempkes maintained that, pursuant to a collective bargaining agreement (hereinafter CBA) between the Village and the Bronxville Police Taylor Act Committee (hereinafter the Committee), he was entitled to individual and family health insurance coverage as a disability retiree. The CBA outlined a grievance procedure to resolve "[a]ny dispute arising concerning the interpretation, construction or application" of the terms of the CBA. Under the terms of the CBA, if the dispute was not resolved through the grievance procedure, the parties were directed to submit the claim to arbitration.
On or about August 21, 2014, the Committee filed a grievance with the Village Chief of Police on behalf of Kempkes, alleging that Kempkes was entitled to retiree health coverage under the terms of the CBA. On or about September 2, 2014, because the grievance was not resolved, pursuant to the terms of the CBA, the Committee presented the grievance to the Village Administrator, who denied the grievance. Thereafter, pursuant to the terms of the CBA, the Committee was required to present the grievance to the Village Board of Trustees within 20 business days after presenting the grievance to the Village Administrator. However, the Village agreed to "stop the clock" on processing the grievance in order to permit the Committee to evaluate the Village Administrator's determination. On April 4, 2017, the Committee advanced the grievance to the Village Board of Trustees, which denied the grievance.
On May 25, 2017, the Committee, on behalf of Kempkes, served a demand to arbitrate. Thereafter, the Village commenced the instant proceeding to permanently stay the arbitration. In support, the Village contended that the Committee and Kempkes (hereinafter together the appellants) waived the right to arbitration, and that arbitration should be permanently stayed based upon the doctrine of laches. The Supreme Court granted the petition, determining that although the appellants did not waive the right to arbitrate, arbitration should be permanently stayed by the doctrine of laches.
We agree with the Supreme Court's determination granting the petition to stay arbitration, albeit on a different ground. " The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party'" (Markell v Markell, 91 AD3d 832, 834, quoting Skrodelis v Norbergs, 272 AD2d 316, 316). Prejudice may be demonstrated "by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay" (Skrodelis v Norbergs, 272 AD2d 316, 317; see Markell v Markell, 91 AD3d 832, 834). Here, although the appellants unreasonably and inexcusably delayed filing a demand for arbitration, the Village failed to demonstrate that it suffered any prejudice as a result of that delay (see Capurso v Capurso, 134 AD3d 974, 975; Brown v Lutheran Med. Ctr., 107 AD3d 837, 838-839; Matter of Hiletzaris, 105 AD3d 740, 741; Denaro v Denaro, 84 AD3d 1148, 1150). Accordingly, the doctrine of laches does not bar the arbitration here.
However, the appellants waived their right to arbitration. "Like contract rights generally, a right to arbitration may be modified, waived or abandoned" (Sherrill v Grayco Bldrs., 64 NY2d 261, 272; see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66). Where a party affirmatively seeks the benefits of litigation, in a manner "clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration," the right to arbitrate has been waived (Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d at 66 [internal quotation marks omitted]; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 372; Sherrill v Grayco Bldrs., 64 NY2d 261, 272). Here, Kempkes previously commenced a proceeding pursuant to CPLR article 78 against, among others, the Village, seeking to, inter alia, challenge the Village's determination to terminate his health insurance benefits. In that proceeding, Kempkes alleged that the Village had breached the collective bargaining agreement by failing to provide him with disability retiree health insurance coverage. "By commencing an action at law involving arbitrable issues, [the appellants] waived whatever right [they] had to arbitration" (Hart v Tri-State Consumer, Inc., 18 AD3d 610, 612; see Matter of City of Yonkers v Yonkers Firefighters, 165 AD3d 795, 796; Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983, 983-984; Matter of County of Rockland v Rockland Assn. of Mgt., 69 AD3d 621, 621-622). Once waived, the right to arbitrate cannot be regained (see Sherrill v Grayco Bldrs., 64 NY2d 261, 274; Matter of Allstate Ins. Co. v Howell, 151 AD3d 461, 461; Matter of Waldman v Mosdos Bobov, Inc., 72 AD3d 983, 983-984). Accordingly, the petition to permanently stay arbitration should have been granted on this ground.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court