Matter of Empire Core Group, LLC v Perennial Painting & Cleaning LLC (2021 NY Slip Op 05077)





Matter of Empire Core Group, LLC v Perennial Painting & Cleaning LLC


2021 NY Slip Op 05077


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 653643/20 Appeal No. 14208 Case No. 2020-04476 

[*1]In the Matter of Empire Core Group, LLC, Petitioner-Respondent,
v
Perennial Painting and Cleaning LLC Doing Business as Perennial Construction Solutions, Respondent-Appellant.


Newman Ferrara LLP, New York (Gregory M. Dexter of counsel), for appellant.
Wilson & Chan LLP, New York (Jeffrey L. Wilson of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about October 7, 2020, which granted the petition to stay arbitration and denied respondent's motion to compel arbitration, unanimously affirmed, with costs.
Respondent's assertion of a counterclaim under the Prompt Payment Act (PPA) (General Business Law § 756 et seq.), in addition to its other, nonarbitrable, counterclaims,was "a positive and unequivocal election to ignore its contractual right to arbitration and to seek to resolve all of its claims in the court suit" (Matter of United Paper Mach. Corp. [Di Carlo], 19 AD2d 143, 145 [4th Dept 1963], affd 14 NY2d 814 [1964]). The issues at the heart of the PPA counterclaim and the demanded arbitration are intertwined (see Matter of Allstate Ins. Co. v Howell, 151 AD3d 461, 461 [1st Dept 2017]; see also Denihan v Denihan, 34 NY2d 307, 310 [1974]). Were both the court suit and the arbitration to proceed, the result might be "two contrary determinations," a result that should be avoided (Di Carlo, 19 AD2d at 145). Moreover, petitioner was prejudiced by the time and resources spent litigating its claims in court (see Cusimano v Schnurr, 26 NY3d 391, 400 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021