■ NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Defendants, and BROTHERHOOD OF LOCOMOTIVE ENGINEERS et al., Intervenors-Appellants.— In an action by 10 railroads to declare unconstitutional sections 54-a, 54-b and 54-c of the Railroad Law and to enjoin their enforcement by the original defendants, the defendants-intervenors (four labor unions) appeal from so much of an order of the Supreme Court, Westchester County, made January 7, 1963 upon reargument, as adhered to the court's original determination and as denied their motion to strike the action from the calendar and to vacate the plaintiffs' note of issue. Order, insofar as appealed from, reversed, without costs; motion granted; and the action directed to be removed from the calendar and the note of issue vacated. This action was commenced on August 1, 1961. After service of the original defendants' answers, plaintiffs on April 21, 1962 served and on April 23, 1962 filed a note of issue and statement of readiness. On October 2, 1962 an order was made granting leave to the appellants (the labor unions) to intervene as parties defendants. Following such intervention, they moved to strike the action from the calendar and to vacate the note of issue. In our opinion the motion should have been granted. Once intervenors become parties to an action, whether as of right or in the court's discretion, they are to all intents and purposes considered as original parties. As such they are " at liberty to participate in the litigation, and to take part in the proceedings incident thereto, and the case is open to them as to all matters involved" (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 228). As parties, they are entitled to the opportunity to conduct examinations before trial and to invoke other pretrial procedures prior to the time the action is placed on the calendar. Since original parties would have the right to strike the action from the calendar prior to the completion of such procedures, intervening parties have the same right. [For prior appeal in this action, see 17 A D 2d 638, affd. 12 N Y 2d 305.] Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.