■ In the Matter of NANCY G. SCHLOSSER, Respondent, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT, Appellant, and SHERI ALPERT et al., Intervenors-Respondents-Appellants. (Proceeding No. 1.) In the Matter of CLAIRE GREENWALD et al., Respondents, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants, and SHERI ALPERT et al., Intervenors-Respondents-Appellants. (Proceeding No. 2.) In the Matter of RUTH ELKIND et al., Respondents, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants, and SHERI ALPERT et al., Intervenors-Respondents-Appellants. (Proceeding No. 3.) In the Matter of NORMA KOBB, Respondent, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT, Appellant, and SHERI ALPERT et al., Intervenors-Respondents-Appellants. (Proceeding No. 4.) —In four proceedings pursuant to CPLR article 78, the appeals are from four judgments (one in each proceeding) of the Supreme Court, Rockland County, each dated August 27, 1979, and from a resettled judgment of the same court dated September 5, 1979. Three judgments (Proceedings Nos. 1, 3 and 4) and resettled judgment affirmed, without costs or disbursements. Judgment (Proceeding No. 2) modified, on the law, by deleting therefrom the provisions which ordered that petitioners Toby Schiff and Joan Rosen be reinstated to full-day positions, and substituting therefor provisions ordering that said petitioners be reinstated to full-time, one-session positions. As so modified, judgment affirmed, without costs or disbursements, and matter remanded to Special Term for a determination of the monetary relief Diana Weiner is entitled to. In April, 1978 this court reversed the judgments dismissing all or parts of the instant CPLR article 78 proceedings which had been brought to review the dismissal of the petitioners from their positions as teachers. The cases were remanded to Special Term for a plenary hearing to determine the tenure and seniority status of the petitioners (*Matter of Schlosser v Board of Educ.*, 62 AD2d 207). We believe that the rights of the petitioners were properly determined upon remand with the exception of petitioners Rosen, Schiff, and intervenor Weiner. Special Term had originally found that petitioners Rosen and Schiff were entitled to reinstatement to their former positions as one-session prekindergarten teachers. On remand, Special Term held that they should have been reinstated to two-session prekindergarten positions. However, they had already been awarded the full benefit of their agreements with the board of education when they were reinstated to their one-session positions. Even though a kindergarten teacher teaches one session, he is still considered a full-time teacher for seniority and tenure purposes (*Matter of Ablondi v Commissioner of Educ. of State of N. Y.*, 54 AD2d 507). In addition, Special Term was required, but failed, to determine the rights of intervenor, Diana Weiner. As an intervenor, she was entitled to relief as though she was an original party to the proceeding (see *New York Cent. R. R. Co. v Lefkowitz*, 19 AD2d 548). Thus, the matter must be remanded for a determination of her monetary rights. Hopkins, J. P., Rabin, Cohalan and Weinstein, JJ., concur.