OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as is appealed from, should be reversed, with costs, and the cross motion to compel arbitration granted.
*1038 We agree with the courts below that by participating in the action defendant waived his right to demand arbitration as to amounts owing under paragraph 4 (b) of the agreement for the years 1973-1976. (See De Sapio v Kohlmeyer, 35 NY2d 402; Denihan v Denihan, 34 NY2d 307; 8 Weinstein-Korn-Miller, NY Civ Prac, pars 7503.15, 7503.16; see, generally, Defendant’s Participation in Action as Waiver of Right to Arbitration of Dispute Involved Therein, Ann., 98 ALR3d 767.)
Contrary to the view expressed by the Appellate Division, however, the complaint was never formally supplemented by plaintiff to include amounts sought subsequent to 1976. (See CPLR 3025, subd [b]; Siegel, New York Practice, § 237.) That being so, there was no basis in the record upon which to conclude that defendant waived his contractual right to arbitrate claims relating to amounts owing under paragraph 4 (b) of the agreement for the years 1977-1978. (Cf. Denihan v Denihan, supra.) Thus, when plaintiff moved for summary judgment for amounts owing for these years and defendant promptly demanded arbitration on the ground that these claims were beyond the scope of the complaint, Special Term correctly directed the parties to proceed to arbitration in accordance with their agreement.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order, insofar as appealed from, reversed, etc.