■ EAST RAMAPO CENTRAL SCHOOL DISTRICT, Appellant, v EAST RAMAPO TEACHERS ASSOCIATION, Respondent. — In a proceeding to stay arbitration, the appeals are (1) from an order and judgment (one paper) of the Supreme Court, Rockland County (Leggett, J.), entered September 21, 1981, which denied the application, dismissed the petition, and granted respondent's cross motion to compel arbitration, and (2) as limited by appellant's brief, from so much of an order of the same court, entered March 25, 1982, as upon granting renewal of the application adhered to the original determination. Appeal from the order and judgment (one paper) entered September 21, 1981 dismissed. Said order and judgment was superseded by the order entered March 25, 1982, granting renewal. Order entered March 25, 1982 reversed insofar as appealed from, on the law, and order and judgment entered September 21, 1981 vacated, petition granted, arbitration stayed, and cross motion to compel arbitration denied. Appellant is awarded one bill of $50 costs and disbursements. In 1977, a number of proceedings pursuant to CPLR article 78 were commenced by teachers against the East Ramapo Central School District (hereinafter the school district), the petitioner herein, to challenge the termination of the teachers' employment. Joan Rosen and Toby Schiff were two of the teachers involved in those proceedings and the East Ramapo Teachers Association (hereinafter the teachers association) intervened and participated therein on behalf of some of its member teachers other than Rosen and Schiff. In *Matter of Greenwald v Board of Educ.* (reported *sub nom. Matter of Schlosser v Board of Educ.,* 62 AD2d 207, affd 47 NY2d 811), the terminations of Rosen and Schiff were found to have been improper, and the proceeding was remitted to Special Term for a plenary hearing to determine their tenure and seniority status. By an order and judgment (one paper) dated August 27, 1979, Justice Marbach determined, *inter alia,* that Rosen and Schiff were entitled to full-time and/or full-day teaching positions, and to back pay, the exact amount of which would be computed following a determination of the appropriate salary schedules and steps for the grievants for the school years 1976-1977, 1977-1978, and 1978-1979. That order and judgment was appealed and on appeal was modified by this court with respect to Rosen and Schiff so as to provide that they were to be reinstated to full-time, one-session positions (*Matter of Greenwald v Board of Educ.,* reported *sub nom. Matter of Schlosser v Board of Educ.,* 77 AD2d 600, app dsmd 51 NY2d 878). In March of 1981, hearings commenced before Justice Stolarik to determine, *inter alia,* the salary steps and the amount of reimbursement owed by the school district to Rosen and Schiff. However, on or about May 20, 1981, the teachers association served the school district with a demand for arbitration, which stated that: "The grievants, Joan Rosen and Toby Schiff, allege violation of Article XIV (Salaries and Compensation) sub section B (Teachers Salary Schedule). Grievants as of September 1980 and

continuing have been frozen at the same step and class as existed for the 1979-1980 school year." On or about June 1, 1981, the school district commenced the instant proceeding against the teachers association pursuant to CPLR 7503 (subd [b]) to stay arbitration on the ground, *inter alia,* that the precise issue sought to be arbitrated had been submitted to Justice Stolarik for resolution, and that both the teachers association and the grievants had appeared and participated in that proceeding. The teachers association answered and cross-moved to compel arbitration, asserting that it had the right, apart from any action by the grievants, to have an alleged breach of its contract with the school district referred to arbitration. By order and judgment entered September 21, 1981, Justice Leggett denied the application to stay arbitration, and granted the cross motion, on the ground that the petition did not assert any of the bases for such relief specified in CPLR 7503 (subd [b]). By two judgments (one each as to Rosen and Schiff), both dated December 2, 1981, in the *Matter of Greenwald v Board of Educ.* proceeding *(supra),* Justice Stolarik directed the school district to, among other things, pay grievants Rosen and Schiff at salary step 15M for the school year 1980-1981, and to adjust their salaries for the school year beginning September, 1981 in accordance therewith. The school district and Rosen and Schiff appealed. Thereafter petitioner moved to renew its application in the instant proceeding to stay arbitration upon the ground of *res judicata,* based upon the judgments dated December 2, 1981 in the *Matter of Greenwald* proceeding. By order entered March 25, 1982, Justice Leggett granted the motion to renew, but upon renewal adhered to his original decision. Special Term erred in denying petitioner's motion for a stay of arbitration and in granting the cross motion of the teachers association to compel arbitration. A party can waive his right to arbitration by deliberate election to proceed with a court action for the determination of his claim *(Joyce Research & Dev. Corp. v Equi-Flow Div. of Vibro Mfg. Co.,* 31 Misc 2d 952, affd 15 AD2d 821; *De Sapio v Kohlmeyer,* 35 NY2d 402). Here, the grievants and others elected to pursue their claims through the courts. By participating in those earlier proceedings, although on behalf of others than the grievants, the teachers association waived its right to submit the contractual salary dispute to arbitration (see, e.g., *East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 62 AD2d 1049). This is not a situation where the collective bargaining agreement itself contemplated that the individual teachers would have alternative remedies which could be separate and apart from the grievance and arbitration procedure provided therein (cf. *Matter of Susquehanna Val. Teachers Assn. [Board of Educ.],* 75 AD2d 140, affd 52 NY2d 1034). Nor is this a situation where both parties simultaneously pursued their separate remedies with equal vigor, or pursued claims which were essentially different (see *Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599; *Matter of Susquehanna Val. Teachers Assn. [Board of Educ.], supra).* To the contrary, the facts here indicate that an election of remedies was made, and that the right to arbitrate the issue of salaries was abandoned *(De Sapio v Kohlmeyer,* 35 NY2d 402, *supra; Clurman v Clurman,* 52 NY2d 1036). The issue having been determined, it is no longer a subject for arbitration *(East Ramapo Cent. School Dist. v East Ramapo Teachers Assn., supra).* Mangano, J. P., Weinstein, Brown and Niehoff, JJ., concur.