■ In the Matter of COUNTY OF SUFFOLK, Appellant, v CHARLES NOVO, AS PRESIDENT OF THE SUFFOLK CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. — In a proceeding to stay arbitration, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated October 25, 1982, which denied the application. Judgment affirmed, with costs. On January 12, 1981, during negotiations for the 1981 collective bargaining agreement, the county and union agreed to a memorandum which provided in part: "When a full time employee receives a promotion, he/she shall move to the appropriate grade of his/her new title in the next highest monetary step over his/her former salary." The memorandum was ratified by the union and approved by the county legislature and executive during the summer of 1981. After negotiations were completed, the county prepared the proposed collective bargaining agreement and forwarded it to the union, which protested the failure to provide for a 4.5% minimum raise for promoted employees. Subsequently, the county legislature enacted a resolution providing for only a minimum of 4% increase and, in November, 1981, the union filed an improper labor practice charge with the State Public Employment Relations Board (PERB) alleging that the county had unilaterally departed from the agreed minimum increase of 4.5%. The collective bargaining agreement incorporating the earlier memorandum was ratified in February, 1982, with the oral understanding that the issue raised in the improper practice charge would be resolved by PERB and that the parties would abide by that decision. The collective bargaining agreement contained an arbitration clause governing "[a]ny and all disputes arising out of or concerning the interpretation or application of the terms of the contract". PERB dismissed the charge because it had no jurisdiction to interpret the agreement and referred the parties to the dispute resolution procedure contained in the contract. The union thereafter filed a grievance concerning the issue of minimum salary increases for promoted employees. In a letter to the union, the county asserted that the union had elected its remedy by proceeding through PERB and thus waived its right to pursue the matter under the contractual grievance/arbitration procedure. After the Suffolk County Department of Labor submitted the names of pro-

spective arbitrators to the parties, the county initiated this proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration on the ground of waiver by the union. Special Term denied the application. In the absence of a waiver, the instant grievance is arbitrable in light of the broad scope of the arbitration clause in the collective bargaining agreement (see *Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348). The real issue is whether the alleged waiver is a matter for the court or the arbitrator to decide. It is well settled that whether institution of judicial or administrative proceedings constitutes an election of remedies and a waiver of arbitration is an issue to be determined by the court (*Clurman v Clurman*, 52 NY2d 1036; *De Sapio v Kohlmeyer*, 35 NY2d 402; *Matter of Wolff Co. [Tulkoff]*, 9 NY2d 356, 363; *Matter of Zimmerman v Cohen*, 236 NY 15; see, also, Ann., 26 ALR3d 604). The issue here is not contract interpretation which would be a matter for the arbitrator (see *Rapid Armored Truck Corp. v Local 807 Armored Car Div. Pension Fund*, 88 AD2d 434, mot for lv to app den 58 NY2d 602), but, rather, whether the oral agreement plus the submission of the unfair labor practice charge constituted an election of remedies and a waiver as a matter of law. Under the circumstances, we conclude that the submission of an unfair labor practice charge and the agreement to be bound by PERB's decision did not clearly evince an intention to waive the right to arbitrate (see *Matter of Terminal Auxiliar Maritima [Winkler Credit Corp.]*, 6 NY2d 294; *Matter of Zimmerman v Cohen*, 236 NY 15, 19, *supra*). Utilization of a statutory complaint mechanism (see Civil Service Law, § 209-a) which did not reach a determination of the merits cannot be considered an abandonment of a contractual right to arbitration (see *Matter of Susquehanna Val. Cent. School Dist. [Susquehanna Val. Teachers Assn.]*, 53 NY2d 917; *Matter of City School Dist. [Poughkeepsie Public School Teachers Assn.*, 35 NY2d 599). Moreover, the agreement to be bound by PERB's determination would also encompass its direction to pursue the contractual dispute resolution mechanism — arbitration. Accordingly, there should be an affirmance. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.