In the Matter of the CITY OF NEWBURGH, Appellant, v LOCAL 589, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, Respondent

The record reveals that David P. Hemingway, a firefighter employed by the petitioner pursuant to its Affirmative Action Plan and represented by the respondent collective bargaining organization, was discharged from the petitioner's employ while he was still a probationary employee. Pursuant to the procedures set forth in the Affirmative Action Plan of the petitioner, Hemingway had the right to seek review by the City Manager "to determine if discriminatory practices were factors in [his] dismissal". Moreover, a resolution passed by the petitioner's City Council, and which was in effect at the time of Hemingway's dismissal, amended the grievance procedure under the Affirmative Action Plan as follows: "All union contract grievance procedures will supersede the Affirmative

Action grievance procedure. *The employee has the right to choose which procedure to utilize"* (emphasis supplied).

It is undisputed that Hemingway pursued the review procedures set forth in the Affirmative Action Plan, after which his dismissal was reviewed and upheld by the City Manager. The respondent, on behalf of Hemingway, then filed a grievance and a demand for arbitration under the provisions of the collective bargaining agreement. The petitioner commenced the instant proceeding to stay arbitration, alternatively contending that Hemingway had elected to pursue his remedy under the Affirmative Action Plan and therefore was precluded from subsequently utilizing the grievance and arbitration provisions of the collective bargaining agreement; that the resolution amending the Affirmative Action Plan did not constitute an agreement to arbitrate; and that public policy considerations rendered arbitration unavailable in this case. The Supreme Court, Orange County, dismissed the proceeding to stay arbitration. We now reverse.

The express language of the resolution amending the Affirmative Action Plan provides employees with a choice of utilizing either those review procedures set forth in the aforementioned plan or those which may be applicable under the collective bargaining agreement. It is axiomatic that where more than one procedural remedy is available to redress a single alleged wrong, the election of and full participation in one of these avenues of relief constitutes a waiver of the right to seek relief pursuant to those procedures which remain *(see, e.g., Clurman v Clurman,* 52 NY2d 1036; *Hadjioannou v Avramides,* 40 NY2d 929; *De Sapio v Kohlmeyer,* 35 NY2d 402).* Inasmuch as Hemingway made full use of the procedures of the plan herein and received a determination in accordance therewith, he was barred from subsequently seeking the identical relief previously denied by resorting to the collective bargaining agreement's grievance and arbitration procedures *(see, e.g., East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 91 AD2d 969, *appeal dismissed* 59 NY2d 763).*

In any event, we note that the language of the resolution in this case fails to constitute an "express, direct and unequivocal" agreement to arbitrate; hence, arbitration is unavailable under the circumstances presented *(see, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521, 526, *rearg denied* 47 NY2d 952; *Village of Brockport v County of Monroe Pure Waters Div.,* 75 AD2d 483, *affd* 54 NY2d 678).* In view of the foregoing determination, we need

not consider the petitioner's remaining contentions. Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.