■ In the Matter of the Arbitration between VINCENT T. RIGGI JR., Appellant, and WADE LUPE CONSTRUCTION COMPANY, INC., Respondent. (Case No. 1.) CAPITALAND HEATING & COOLING, INC., Plaintiff, v EMPLOYERS INSURANCE OF WAUSAU, Defendant and Third-Party Plaintiff. VINCENT T. RIGGI JR., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; WADE LUPE CONSTRUCTION COMPANY, INC., Fourth-Party Defendant-Respondent. (Case No. 2).—Mercure, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered February 27, 1991 in Albany County, which denied petitioner's application (in case No. 1) pursuant to CPLR 7503 to stay arbitration between the parties, and (2) from that part of an order of said court, entered March 7, 1991 in Albany County, which granted fourth-party defendant's motion (in case No. 2) to compel arbitration between it and third-party defendant.

During December 1985, Vincent T. Riggi Jr. entered into a contract with Wade Lupe Construction Company, Inc. (hereinafter Lupe), a contractor, for the renovation and conversion of the Hinckel Brewery in the City of Albany into residential apartments. Pursuant to the terms of the contract, Lupe, as principal, and Employers Insurance of Wausau (hereinafter Wausau), as surety, issued to Riggi a labor and material payment bond and a performance bond. Lupe then commenced work on the project. Thereafter, following their review of Lupe's progress, the architects certified that sufficient cause existed for Riggi to terminate his contract with Lupe. As a result, by letter dated November 17, 1989, Riggi's attor-

ney informed Lupe and Wausau that the contract was terminated.

On November 28, 1989, Lupe filed a notice of mechanic's lien in the sum of $875,566.75. Following Riggi's request that Lupe provide a verified statement itemizing the labor and materials for which the lien was filed, he demanded that Lupe commence an action to foreclose the mechanic's lien and thereafter petitioned for an order directing Lupe to provide the itemized statements. Subsequently, Riggi petitioned to vacate, discharge and cancel Lupe's lien due to Lupe's failure to timely commence an action. Thereafter, Lupe served a summons with notice upon Riggi commencing an action to foreclose the mechanic's lien and, alternatively, for breach of contract and unjust enrichment. Although Riggi demanded a complaint, none was served. On February 26, 1990, Supreme Court granted Riggi's petition to vacate, discharge and cancel the lien and denied Riggi's motion for an itemized statement as moot. Lupe's attorney then sent a signed stipulation drafted March 1, 1990 discontinuing its action, which Riggi refused to sign.

On May 29, 1990, Lupe served Riggi with a demand for arbitration seeking moneys due for materials and labor furnished in connection with the project. Riggi then commenced case No. 1 seeking an order staying the arbitration proceeding on the ground that Lupe waived its right to arbitrate by commencing an action or, in the alternative, that the arbitration proceeding was not commenced in accordance with the terms of the agreement. Meanwhile, Capitaland Heating & Cooling, Inc., a subcontractor of Lupe, commenced case No. 2 against Wausau, as surety under the bonds, for work performed and materials provided for the project. Wausau then commenced a third-party action against Riggi who, *inter alia,* commenced a fourth-party action against Lupe. Thereafter, Lupe moved to compel arbitration and stay the action. Supreme Court denied Riggi's petition to stay arbitration in case No. 1 and stayed the action and compelled arbitration in case No. 2. Riggi appeals.

There should be an affirmance. Initially, we reject Riggi's contention that Lupe "aggressively participated" in litigation, thereby waiving its right to arbitrate. In addressing this argument, we observe that, although "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" *(Sherrill v Grayco Bldrs.,* 64 NY2d 261, 273), a right to arbitration, like contract rights generally, may be waived or abandoned *(see, supra,* at 272). Here, however, Lupe's actions

"did not clearly evince an intention to waive the right to arbitrate" *(Matter of County of Suffolk v Novo,* 96 AD2d 902, 903). First, Lupe's service of a naked summons with notice to foreclose the mechanic's lien, as a direct result of Riggi's demand and the mandate of Lien Law § 59, does not constitute a waiver *(see, A. Burgart, Inc. v Foster-Lipkins Corp.,* 30 NY2d 901, 902). Lupe did not proceed with the action, neither initiating or participating in discovery, and, in fact, sought to discontinue the action less than six months after it was commenced. Thus, Lupe did not aggressively and for an extended period of time participate in litigation *(cf., Sherrill v Grayco Bldrs., supra).* Second, the fact that Lupe added other claims to its action to foreclose does not constitute a waiver of its right to arbitrate *(see, Matter of Assael v Assael,* 132 AD2d 4, 9-12). Contrary to Riggi's contention, we are unable to conclude in these circumstances that Lupe "affirmatively accepted the judicial forum" by interposing these other claims *(BR Ambulance Serv. v Nationwide Nassau Ambulance,* 150 AD2d 745, 746; *see, Matter of County of Suffolk v Novo, supra).* Nor does participation in case No. 2 constitute a waiver since Lupe moved to compel arbitration and stay the action upon being brought in as a fourth-party defendant *(see, Ravel v Dirco Enters.,* 159 AD2d 564, 566).

Finally, Riggi's argument that the demand for arbitration was untimely is similarly meritless. The 30-day time limitation of general condition 2.2.12 is not applicable because the architect's decision does not state "(1) that the decision is final but subject to appeal, and (2) that any demand for arbitration * * * must be made within thirty days after the date on which the party making the demand receives the written decision". The contract provides, therefore, that the demand for arbitration be made within a "reasonable time" after the claim or dispute has arisen. In our view, considering the filing of the mechanic's lien, the lapse of about six months in serving the demand for arbitration is not unreasonable.

We have considered the parties' remaining contentions and find that they are either unpreserved or without merit.

Mahoney, P. J., Weiss and Levine, JJ., concur. Ordered that the orders are affirmed, with costs.