66 Fort Wash. Assoc., LLC v Acevedo (2020 NY Slip Op 51270(U))

[*1]

66 Fort Wash. Assoc., LLC v Acevedo

2020 NY Slip Op 51270(U) [69 Misc 3d 134(A)]

Decided on October 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570137/20

66 Fort Washington Associates, LLC,
Petitioner-Landlord-Appellant, 
against
Mayra Acevedo, Respondent-Tenant-Respondent, -and- Melina
Ponciano, Yancarlos Jesurum, "John Doe 1," "John Doe 2," "John Doe 3," and "Jane Doe,"
Respondents-Undertenants.

Petitioner-landlord, as limited by its briefs, appeals from those portions of an order of the
Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated
February 13, 2020, which denied its motion to amend the caption, for summary judgment on the
petition and to dismiss the first and second affirmative defenses of Heimer Acevedo, sued herein
as "John Doe 1," in a holdover summary proceeding.

Per Curiam.
Order (Clifton A. Nembhard, J.), dated February 13, 2020, modified to grant
petitioner-landlord's motion to the extent of dismissing the first affirmative defense and
amending the notice of petition and petition to substitute Heimer Acevedo for "John Doe 1"; as
modified, order affirmed, with $10 costs.
We agree with Civil Court that this holdover proceeding is not susceptible to summary
disposition on the record now before us, since petitioner failed in its burden to demonstrate the
absence of triable issues of fact with respect to the family member succession defense of tenant's
son, respondent Heimer Acevedo ("John Doe 1") (see Rent Stabilization Code [9
NYCRR] § 2523.5[b][1]). Although petitioner alleges that the defaulting tenant Mayra
Acededo vacated the premises in 2010 and that she and Heimer concealed that fact, the
prediscovery record now before us raises triable issues as to when Mayra permanently vacated
the apartment and whether Heimer resided with his mother in the premises during the two-year
period immediately preceding his mother's permanent vacatur (see Matter of Well Done
Realty, LLC v Epps, 177 [*2]AD3d 427 [2019]; Third Lenox Terrace Assoc. v
Edwards, 91 AD3d 532, 533 [2012]). In this regard, we note that the affidavit of
petitioner's agent, who alleges that Mayra abandoned the apartment in 2010 and is rarely seen at
the premises, was not based upon his personal knowledge of the facts, but recites hearsay. To the
contrary, the portion of the agent's affidavit that is based upon personal knowledge indicates that
the agent was present in a meeting in the apartment in "early 2018," whereupon Mayra "denied
having abandoned the apartment."
Nor is summary judgment in favor of petitioner warranted based upon Mayra's receipt of a
School Tax Relief [STAR] tax exemption for a jointly-owned house in Yonkers, New York,
since the receipt of that benefit is not dispositive as a matter of law on the issue of Mayra's
primary residence, particularly in the context of a motion for summary judgment. It is but one
factor to be considered in determining primary residence (see Rent Stabilization Code
§ 2520.6[u][no single factor "shall be" dispositive of the issue of primary residence]; Matter of 92 Cooper Assoc., LLC v
Roughton-Hester, 165 AD3d 416, 417 [2018]). Moreover, the property yielding the
STAR exemption "must serve as the primary residence of one or more of the owners thereof"
(RPTL § 425[3][b]), and Mayra owned the Yonkers house with another.
We also reject petitioner's related argument that Mayra's representations in the STAR
application, i.e., that the Yonkers premises is her primary residence, estop her claiming that the
subject apartment is her primary residence during the same period. The Appellate Division, First
Department has previously rejected similar arguments (see 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007]; brief for
petitioner-appellant in 310 E. 23rd LLC v Colvin, supra, available at 2007 WL
5018133, * 41-43).
Although Heimer was originally named in the proceeding as "John Doe 1," he sustained no
discernible prejudice as a result of this designation. To the contrary, Heimer was "fairly apprised"
that he was the party the proceeding was intended to affect as a remaining occupant, answered
the petition asserting a family member succession defense and defended the proceeding on the
merits (see AJAL, L.P. Macak, 42 Misc 3d 132[A], 2013 NY Slip Op 52239[U] [App
Term, 1st Dept 2013]). In this posture, the branch of petitioner's motion that sought to amend the
caption and substitute Heimer for "John Doe 1" to reflect his true name and to dismiss the first
affirmative defense, alleging the proceeding should be dismissed for the failure to join Heimer,
should have been granted (see ICD Group Intl. v Achidov, 284 AD2d 244 [2001]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2020