| **Owen v Array US, Inc.** |
| :---: |
| 2024 NY Slip Op 33508(U) |
| October 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651471/2022 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

---------------------------------------------------------------------------------X

JASON OWEN,

                                 Plaintiff,

                       - v -

ARRAY US, INC.,MARTIN TOHA

                             Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651471/2022 |
| **MOTION DATE** | 08/01/2024 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 165, 166, 190, 191, 192, 193, 194, 195, 196, 198, 199, 200, 201

were read on this motion to                    STAY ARBITRATION            .

      Plaintiff Jason Owen brought this case in March 2022 for breach of contract and "wrongful termination" (NYSCEF 21, ¶ 1).  He alleges that Defendant Array US, Inc. ("Array") wrongfully terminated him and denied him salary and common stock compensation (*id.* ¶ 4).  Defendants moved to dismiss the claims, which was partially granted (NYSCEF 14, 23, 93).[1]

      In August 2022, Defendants moved to seal a number of filings to the public docket, filed in connection with Plaintiff's counsel's Affirmation in Support of its opposition to Defendants' motion to dismiss (the "Confidential Documents") (NYSCEF 63).  Defendants asserted public disclosure of the Confidential Documents would cause competitive harm (NYSCEF 58, at 4).  Plaintiffs did not oppose (NYSCEF 65).  The Court granted the sealing motion (NYSCEF 78).  Most recently, Defendants have filed a motion for summary judgment (NYSCEF 209).

---

[1] Claims against Defendant Martin Toha, in his individual capacity, were dismissed (NYSCEF 93).

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  006**

**Page 1 of 4**

1 of 4

In March 2024, Array initiated a separate JAMS arbitration action alleging that Owen "misappropriated . . . and/or caused . . . to be misappropriated" certain confidential information that was publicly disclosed, including the Confidential Documents, and breached his fiduciary duties to Array (Statement of Claim, NYSCEF156, ¶¶ 11-33). The Worksite Employee Acknowledgment (the "Agreement") between Array and Owen provides that "any claim, dispute, and/or controversy" between the parties "shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ('FAA')" (*id.* at 13).

Owen moves to "permanently stay[]" the arbitration on the ground that Array has waived the right to arbitrate because its claims relate to Confidential Documents submitted in this litigation and could have been asserted in this Court.[2] For the reasons that follow, the motion is **denied**.

Discussion

A court can stay arbitration under CPLR 7503 if it finds that the arbitration agreement "has not been complied with" by the party seeking to arbitrate. Such circumstances include when a party waives its right to arbitrate (*see, e.g.*, *In re County of Suffolk v Novo*, 96 AD2d 902, 902-03 [2d Dept 1983]). "A litigant waives arbitration when its conduct is clearly inconsistent with its later claim that the parties were obligated to settle their differences by arbitration" (*P.S. Fin., LLC v Eureka Woodworks, Inc.*, 214 AD3d 1, 12 [2d Dept 2023]). Where "[t]he same issues lie at the heart of the litigations and proposed arbitrations," and "the totality presented"

---

[2] At the beginning of his supporting memorandum of law, Owen suggests generally that "all he did was agree to certain boiler-plate company-wide policies, and with not a party to a binding agreement with an arbitration clause," (NYSCEF 150 at 7), and that the arbitration was initiated to intimidate him and drive up his litigation costs. However, the only substantive legal arguments asserted in support of the motion relate to the waiver argument discussed herein.

**651471/2022  OWEN, JASON vs. ARRAY US, INC. ET AL**                                    **Page 2 of 4**
**Motion No.  006**

2 of 4

conclusively supports a finding of "waiver [such] that it may not be unilaterally recalled," courts will enforce a waiver of an agreement to arbitrate (*id.* [internal citations and quotation marks omitted]).

However, "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" (*Sherrill v Grayco Builders*, 64 NY2d 261, 273 [1985]). Rather, "[w]here claims are entirely separate, though arising from a common agreement, no waiver of arbitration may be implied from the fact that resort has been made to the courts on other claims" (*id.*). "Moreover, where urgent need to preserve the status quo requires some immediate action which cannot await the appointment of arbitrators, waiver will not occur where plaintiff 'moves in court for protective relief in order to preserve the status quo while at the same time exercising its right under the contract to demand arbitration'" (*id.*).

Here, the fact that Owen submitted the Confidential Documents in this Court, and that Array responded with a motion to seal (which Owen did not oppose), does not bring Array's "entirely separate" arbitration claim within the scope of the claims being litigated in this Court. Array has not sought, and the Court has not provided, any ruling as to whether Owen has misappropriated Array's trade secrets or confidential information. The Court simply determined that the request to seal the documents complied with the standards applicable to such requests. Array thus has not "affirmatively [sought] the benefits of litigation, in a manner 'clearly inconsistent with [their] later claim that the parties were obligated to settle their differences by arbitration'" (*Village of Bronxville v Bronxville Police Taylor Act Comm.*, 171 AD3d 932, 934 [2d Dept 2019] [noting a fired police officer who commenced an Article 78 proceeding against his former employer waived his right to arbitration]). Moreover, Array's motion to seal the

**651471/2022  OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  006**

**Page 3 of 4**

Confidential Documents is the type of "immediate action" to "preserve the status quo" that under

*Sherrill* does not constitute a waiver of the right to arbitrate.

Accordingly, it is

**ORDERED** that the motion to permanently stay arbitration is **denied**.

This constitutes the Decision and Order of the Court.

|  |  |
|---|---|
| 20241003119432MCOHEB9FF0B2DC264166852284C5557E724 | |
| **10/3/2024** | |
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651471/2022   OWEN, JASON vs. ARRAY US, INC. ET AL**
**Motion No.  006**

Page 4 of 4

4 of 4