Alarcon v Henry (2025 NY Slip Op 00838)

Alarcon v Henry

2025 NY Slip Op 00838

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-04294
 (Index No. 604818/20)

[*1]Jonathan Alarcon, respondent,
v
Matthew Henry, et al., appellants.

Timothy DiResta, Long Beach, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated April 4, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly entered into a contract with the defendants for the reconstruction of his home. The defendant HKH Construction, Inc. (hereinafter HKH Construction), is a corporation owned and operated by the defendant Matthew Henry. In April 2019, the plaintiff filed a complaint with the Nassau County Department of Consumer Affairs (hereinafter the DCA), alleging that the defendants failed to complete the contracted construction work and seeking the return of monies paid to the defendants (hereinafter the administrative proceeding). An administrative hearing was held on November 14, 2019, at which the defendants failed to appear. The DCA entered an administrative order of disposition on default against the defendants, awarding the plaintiff the sum of $100,000 and assessing fees against the defendants in the amount of $8,500.
The defendants then commenced a proceeding pursuant to CPLR article 78 against the DCA to review the DCA's determination in the administrative order of disposition. By order dated January 18, 2022, the Supreme Court granted that branch of the petition which was to annul so much of the DCA's determination as entered a default judgment against Henry and denied that branch of the petition which was to annul so much of the DCA's determination as entered a default judgment against HKH Construction.
The plaintiff commenced the instant action on May 26, 2020. The defendants moved for summary judgment dismissing the complaint. In an order dated April 4, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.
"'Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding. Thus, a party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter'" (Capital One, N.A. v Trubitsky, 206 AD3d 608, 610, [*2]quoting HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651). Here, the defendants established, prima facie, that the claims raised by the plaintiff in this action were previously presented in the administrative proceeding and the subsequent CPLR article 78 proceeding (see Lerner v Tele-Communications, Inc., 215 AD2d 731, 731). Although the administrative order of disposition was entered upon the defendants' failure to appear at the administrative hearing, this Court has held that "a default judgment is a judgment on the merits" (Feeney v Licari, 131 AD2d 539, 539). For purposes of the administrative proceeding and the CPLR article 78 proceeding, the plaintiff and the DCA were in privity with each other. Although the plaintiff was not a named party, his interests were represented by the DCA (see Nassau County Charter § 2158[a], [c]). In opposition, the plaintiff failed to raise a triable issue of fact.
The complaint is also barred by the doctrine of the election of remedies. "The doctrine of the election of remedies . . . becomes relevant . . . when a plaintiff with two or more remedies to choose from in respect of the same wrong sues only on one" (Siegel, New York Practice § 218 [6th ed]). "[W]here more than one procedural remedy is available to redress a single alleged wrong, the election of and full participation in one of these avenues of relief constitutes a waiver of the right to seek relief pursuant to those procedures which remain" (Matter of City of Newburgh v Local 589, Intl. Assn. of Firefighters, AFL-CIO, 140 AD2d 339, 340). While the plaintiff had the option to commence a plenary action, he ultimately elected the option of filing a complaint with the DCA (see Bradshaw v City of New York, 200 AD3d 553, 554).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court