Simon Green Inc. v Phillip (2026 NY Slip Op 26037)

[*1]

Simon Green Inc. v Phillip

2026 NY Slip Op 26037

Decided on March 9, 2026

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 9, 2026
Civil Court of the City of New York, Kings County

Simon Green Inc., Petitioner

againstMichael Franklin Phillip; AIDA LUZ GARCIA; "JOHN DOE"; "JANE DOE" PRINCESSA PHILLIP, Respondent.

L&T Index No. 322592-24

Hertz, Cherson & Rosenthal, PC (Seth Denenberg, Esq.), for petitionerNew York Legal Assistance Group (Jared Riser, Esq.) for respondent Princessa Philip

Karen May Bacdayan, J.

PROCEDURAL POSTURE AND BACKGROUND
This is a licensee holdover proceeding commenced in July 2024 pursuant to Real Property Actions and Proceedings Law ("RPAPL") 713 (7) against respondents Michael Franklin Phillip and Aida Luz Fajardo, Jane Doe and John Doe. The proceeding is premised upon a predicate 10-day notice to quit, whereby petitioner alleges Mikey Phillip, the prior rent controlled tenant of record, passed away in or about May 2024, that the respondents are licensees who remain in the premises without petitioner's permission. According to the petition, "prior to the initiation of this action a ten day notice terminating the license was served upon the respondent[s]." (NYSCEF Doc No. 1, petition ¶¶ 2, 5-7; id. at 3, notice to quit.)
On May 16, 2025, the New York Legal Assistance Group filed a motion seeking to allow Princessa Phillip to intervene pursuant to CPLR 1012 as a named respondent for the reason that "Ms. Philip's (sic) rights in the subject premises will not be adequately protected" unless she is allowed to be intervene, and for leave to file an answer. (NYSCEF Doc No. 7, notice of motion [sequence 1].) By a two-attorney stipulation, the motion was granted on consent, and respondent was "permitted to intervene as a necessary party, and is added as a respondent nunc pro tunc." (NYSCEF Doc No. 12, stipulation.) The petitioner also consented to the interposition of the proposed answer. (Id.) The answer asserts a general denial as to all allegations not specifically denied or admitted, and raises five affirmative defenses and one counterclaim, to wit: a succession rights defense and counterclaim that Princessa Phillips is Mikey Phillip's granddaughter and is entitled to succeed to his tenancy; that petitioner is barred from collecting use and occupancy due to immediately hazardous violations of the Housing Maintenance Code present in the apartment; that petitioner did not conduct a diligent search to discovery Princess Phillips true identity before resorting to use of a pseudonym pursuant to CPLR 1024; that petitioner failed to plead Good Cause Eviction Law ("GCEL") in the petition; and petitioner [*2]failed and allege application of GCEL in the predicate notice); and one counterclaim (succession rights). (NYSCEF Doc No. 11, answer.) The same day that respondent's motion was settled, the proceeding was transferred to the trial part where the court issued a pre-trial order requiring the parties to, inter alia, pre-mark their exhibits for identification, and provide a witness list. (NYSCEF Doc No. 17, pre-trial order.)
On the first scheduled trial date, respondent objected that petitioner had failed to comply with this courts pre-trial order, and the proceeding was adjourned for petitioner to do so. (See NYSCEF Doc No 17 at 1 ["The failure of the parties to submit a stipulation of evidence, a stipulation of uncontested facts, and/or a witness list may at the court's sole discretion result in preclusion, an adjournment, or dismissal of the proceeding."]) By the adjourned trial date, petitioner had complied in part by pre-marking the exhibits. However, petitioner had yet to comply with this court's order to furnish a list of witnesses prior to trial. (Id.; see also 22 NYCRR § 202.37 ["At the commencement of the trial or at such time as the court may direct, each party shall identify in writing for the court the witnesses it intends to call, and the order in which they shall testify . . . and shall provide a copy of such witness list to opposing counsel.") [FN1]
, [FN2]
Over respondent's objection, and reluctant to waste more time,[FN3]
the court allowed the trial to go forward despite petitioner's noncompliance with the pr-trial order, anticipating that petitioner would prove its prima facie case, and that the trial would proceed in the normal course.[FN4]

However, having given respondent no notice of the order of witnesses, or any witnesses at all, petitioner called a contractor as his first witness, explaining that the contractor would be unable to remain in the courtroom. Petitioner's agent testified next. Then petitioner called respondent as his third witness. Respondent objected on the basis that petitioner had not provided a witness list, noting that it was the second time petitioner had not followed the court's pre-trial order, and because Princessa Phillip would not be able to add anything to petitioner's prima facie case.
Respondent's attorney: "Are they saying they have established it [their prima facie case]?" Petitioner's attorney: "Yes, I've established it. But it doesn't mean I can't call respondent as a witness." The court: "What is the prejudice to you not being able to put her on?" 
 Petitioner's attorney: "It takes away the element of surprise." The court: "So you want to surprise her?" Petitioner's attorney: "Of course. I am allowed to." (FTR 12:23 p.m. — 12:27 p.m.)The court adjourned the trial to the afternoon for its ruling on respondent's objection. Ultimately, the court allowed petitioner to call respondent as their own witness.[FN5]

After petitioner fully rested,[FN6]
respondent moved pursuant to CPLR 4401 ("Motion for a judgment during trial") to dismiss the proceeding. CPLR 4401 states in relevant part:
"Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue. . . . Grounds for the motion shall be specified."The grounds for respondent's application were (1) petitioner's attorney did not elicit any testimony about the regulatory status of the building; (2) petitioner failed to establish that a diligent investigation to learn Princessa Phillips true identity had been conducted prior to resorting to CPLR 1024; and (3) petitioner failed to prove its prima facie case in that petitioner "mentioned nothing about the court papers, nothing about preparing the papers, and did not even ask the court to take judicial notice of the file." (FTR 11:34 a.m., February 27, 2026.) The court will address each of these branches of respondent's motion. For the following reasons, respondent's CPLR 4401 motion is denied in part, and granted in part, and the proceeding is dismissed without prejudice.
[*3]DISCUSSION
Regulatory StatusNotwithstanding petitioner's puzzling and superfluous "notice of intent to amend pleadings" to claim that the premises is subject to rent stabilization, during the entire course of this proceeding there has been no challenge to the regulatory status of the premises. In fact, respondent has specifically admitted that the premises is rent controlled. (NYSCEF Doc No. ¶ 2 "Ms. Philip [sic] is a lawful rent control tenant of the subject premises"]; id. ¶ 5 ["Ms. Philip [sic] acknowledges the subject premises is subject to rent control[.]") Accordingly, respondent's motion to dismiss the proceeding based on petitioner's failure to specifically testify that the subject premises is subject to rent control is denied. (See Urraro v Green, 106 AD2d 567, 568 [2d Dept 1984]; CPLR 3018 [a] [facts not denied are deemed admitted].)
CPLR 1024 ("Unknown parties")CPLR 1024 states:
"A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly."The court recognizes that there are circumstances when catchall pleading cannot be abided. For example, in McDonagh v Kelleher, 79 Misc 3d 1236(A), 2023 NY Slip Op 50815(U) (Civ Ct. 2023), the proceeding was "dismissed without prejudice against John Doe and Jane Doe" as only equivocal testimony was elicited regarding the fictitiously named respondents. The court opined that "the use of fictitiously named respondents as placeholders is not compatible with the law." (Id. at *3.) This is especially true on default. (See e.g. Michaelangelo Preservation LLC v Clark, 2022 NY Slip Op 50424 [U] [Civ Ct, Bronx County 2022].)
Here — where respondent does not dispute receipt of the notice of petition and petition, understood that she must appear in court, retained counsel to adequately defend her possessory claims, was "permitted to intervene as a necessary party, and [has been] added as a respondent nunc pro tunc" — a motion at this juncture on this basis makes little legal or practical sense. Respondent does not assert any injury or disadvantage resulting from the failure to utilize her proper name; and, in this procedural posture, the court cannot discern any prejudicial impediment to denying dismissal on the basis of CPLR 1024.[FN7]
Respondent has waived this defense.
On point is 66 Fort Washington Assocs., LLC v Acevedo, 69 Misc 3d 134(A), 2020 NY Slip Op 51270[U] (App Term, 1st Dept 2020].) In Acevedo a fictitiously designated respondent, John Doe, "answered the petition asserting a remaining family member succession defense and defended the proceeding on the merits[.]" (Id. at *1.) John Doe also raised an affirmative defense [*4]that dismissal of the proceeding was warranted for failure to designate him by his true name. The Appellate Term, First Department agreed with the trial court that the proceeding was not susceptible to summary judgment, but modified the decision below to substitute respondent's true identity in place of John Doe, and to dismiss the first affirmative defense (that petitioner had misused CPLR 1024), opining that the "procedural posture" militated in favor of dismissing the defense. (Id.)
Moreover, here — based on respondent's notice of motion pursuant to CPLR 1012 ("Intervention as of right . . .") and the stipulation settling the motion — respondent was not substituted for a previously unknown party, albeit she may have been alerted that her possessory interests were compromised when she received the notice to quit and initiating court documents. Rather, respondent intervened as a new party in this proceeding pursuant to CPLR 1012. As observed in New York Cent. R. R. Co. v Lefkowitz, 19 AD2d 548 (1963), "Once intervenors become parties to an action, whether as of right or in the court's discretion, they are to all intents and purposes considered as original parties. As such they are at liberty to participate in the litigation, and to take part in the proceedings incident thereto, and the case is open to them as to all matters involved." (Id. at 548.) Such is not the station of a fictitiously named undertenant come to light. Respondent's motion to dismiss on this basis is denied.
Petitioner's Failure to Prove Prima Facie Case - Notice to QuitPetitioners bear the burden of proving the elements of their cause of action before the burden shifts to a respondent to prove their defenses. (Rahman v Lewis, 84 Misc 3d 720, 726 [Civ Ct, Bronx County 2024] ["Compliance with statutory notice requirements represents a condition precedent to maintenance of a summary eviction proceeding . . . and the burden remains with the landlord to prove that element of its case at trial[,]" citing Siegel, NY Prac § 215, at 353 [4th ed].) Service of a proper predicate notice is an essential element of a landlord's prima facie case, whether required by the parties' lease, Matter of QPII-143-45 Sanford Ave. LLC v Spinner, 108 AD3d 558 (2d Dept 2013), or by statute.
In licensee holdover proceedings, the governing statute requires that petitioners must serve a 10-day notice to quit pursuant to RPAPL 735. (RPAPL 713 [7]; Thrasher v US Liab. Ins. Co., 19 NY2d 159, 166 [1967] [plaintiffs' failure to prove condition precedent at trial precluded a judgment on the merits in plaintiffs' favor because they failed to state a cause of action]; Second & E. 82 Realty LLC v 82nd St. Gily Corp., 192 Misc 2d 55, 57 [Civ Ct, New York County 2002] ["Compliance with the statutory prerequisites to a summary eviction proceeding, including service of an adequate predicate notice, constitutes a fact on which the proceeding is based and which petitioner therefore must plead and prove as part of petitioner's prima facie case."]) Licensee summary proceedings are statutory constructs, and "[w]hen a statute is enacted in derogation of the common-law rights of tenants, each provision . . . must be strictly construed so as to avoid termination[.] (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1, 6 [Civ Ct, New York County 1984]; see also Wang v James, 40 NY3d 497, 503 [2023], citing Morris v Snappy Car Rental, Inc., 84 NY2d 21, 28 [1994] and McKinney's Cons Laws of NY, Book 1, Statutes § 301).
Failure to comply with a statutory condition precedent is not an affirmative defense. As stated by the Appellate Division, Second Department in US Bank Nat'l Ass'n v Nelson, 169 AD3d 110 (2d Dept 2019) [internal quotation marks and citations omitted], aff'd, 36 NY3d 998 (2020), "a mere denial of one or more elements of the cause of action will suffice to place them [*5]in issue, and there is no reason to [additionally] assert as an affirmative defense the opposite of what the pleading party is [already] required to prove (brackets in original)." (Nelson, 169 AD3d at 113.) Petitioner bears the burden of authenticating the required predicate notice at trial where, as here, respondent has specifically denied or admitted many allegations in the petition, and has additionally interposed a "general denial" as to "all allegations that are not deemed admitted, denied, or otherwise addressed herein." [FN8]
(NYSCEF Doc No. 11, answer ¶ 8; Northway Eng'g, Inc. v Felix Indus., Inc., 77 NY2d 332, 336 [1991] ["[A] party need not particularize general denials because these are matters on which the party making the allegations, and not the party denying them, has the burden of proof"]; see Nelson, supra; see also First Nat. Bank of Chicago v Silver, 73 AD3d 162, 169 [2d Dept 2010] ["[W]e hold that [service of the RPAPL 1303 notice] is a condition precedent which is the plaintiff's burden to meet, and which does not have to be raised as an affirmative defense in the answer[.]"[FN9]

Likewise, in a licensee holdover proceeding pursuant to RPAPL 713 (7), the service of a notice to quit pursuant to RPAPL 735 is an element of petitioner's prima facie case, and it is petitioner's affirmative obligation to prove compliance with the statute. "Compliance with statutory notice requirements represents a condition precedent to maintenance of a summary eviction proceeding . . . and the burden remains with the landlord to prove that element of its case at trial[.]" (W54-7 LLC v Schick, 14 Misc 3d 49, 50 [App Term, 1st Dept 2007] [internal citations and quotation marks omitted]; see also Silver, supra, 73 AD3d at 163 [analyzing the word "shall" in various notice provisions prescribes in the RPL and RPAPL and finding that "shall" signals a mandatory pre-commencement act which "may be raised at any time during an action."]) As stated in LPP Mortg. Inc. v Cruz, 81 Misc 3d 1242(A), 2024 NY Slip Op 50127(U) (Civ Ct, Queens County 2024), "foundational testimony to authenticate the notices [to quit] was required. In the absence of any such testimony (i.e. about the preparation of the notice, the signatory, and the signatory's relationship to petitioner), petitioner has failed to sustain its prima facie case[.]" (Id. at *1; see also Baldwin v McCarry, 78 Misc 3d 1214[A], 2023 NY Slip Op 50226[U] [Civ Ct, New York County 2023 ["A denial of an allegation of the petition imposes upon Petitioner the burden of proving that allegation at trial[.])"[FN10]
As petitioner failed to prove the elements of its prima facie case, the proceeding is dismissed without prejudice.
[*6]Misconceptions About Judicial NoticeAfter petitioner rested on its prima facie case, respondent advanced that petitioner "did not even ask the court to take judicial notice of the file."[FN11]
Not infrequently, parties will ask the court to take "judicial notice" of a document in the court file. This request, which projects an aura of legitimacy, is essentially an empty invitation. A request to take judicial notice of the court file is merely a request to note its contents.[FN12]

Here, a request to take judicial notice of the file would not have sufficed to correct the deficiencies in petitioner's prima facie case, i.e. a notice to quit and affidavit of service may have been electronically filed on NYSCEF, but the alleged fact of compliance with a condition precedent is not proven without testimony from a witness with personal knowledge of its preparation. Here, respondent has controverted whether petitioner has established the essential elements of its prima facie case, and a court may not take judicial notice of "controverted facts, Weinberg v Hillbrae Builders, Inc., 58 AD2d 546 (1st Dept 1977), "i. e. whether service of the summons herein was properly effected." (Id. at 546.)
In Ptasznik v Schultz, 247 AD2d 197 (2d Dept 1998), the Appellate Division, Second Department rejected the plaintiff's argument, after trial at summation, that the court should take judicial notice of an affidavit in a court file:
"In some instances, and under certain circumstances, undisputed portions of court files or official records, such as prior orders or kindred documents, may be judicially noticed. . . . No authoritative case has ever held, however, that an item may be considered and weighed by the finder of fact merely because the item, however unauthenticated and unreliable it may be, happened to repose in the court's file. . . . Several opinions in other jurisdictions have aptly and repeatedly commented on the seemingly widespread but mistaken notion that an item is judicially noticeable merely because it is part of the court file." (Id. at 199 [internal quotation marks and citations omitted].) (Id. at 666—67.)Perhaps improvidently, the court disregarded petitioner's attorney's twice failure to comply with this court's pre-trial order by failing to pre-mark exhibits for identification, and the provision of a list of petitioner's intended prima facie witnesses. However, the court cannot overlook that petitioner failed to introduce or authenticate any of the initiating court documents to support its prima facie case. (See NYSCEF Doc No. 77, petitioner's list of exhibits.) Petitioner's attorney, a seasoned litigator, may have lost sight of the trees for the forest and elevated the element of surprise over the elements of its cause of action. In any case, whether for tactical reasons or unintentionally, "[i]t cannot be reasonably argued that petitioner is caught by unfair surprise by its own noncompliance" with the indispensable statutory requirement to prove the contents of the petition. (WFHA Creston Ave., LP v Votaw, 66 Misc 3d 1213(A), 2020 NY Slip Op 50083[U] [Civ Ct, Bronx County 2020].)
CONCLUSIONAccordingly, it is
ORDERED that this proceeding is dismissed without prejudice.
This constitutes the decision and order of this court.
DATED: March 9, 2026Brooklyn, NYKaren May Bacdayan, JHC

Footnotes

Footnote 1:Maloney v DeRoberts, 243 AD3d 1233, 1236 (4th Dept 2025) ("[I]t is within a court's discretion to require a party to disclose the names and addresses of witnesses" and whether to allow a witness testify in violation of such a requirement "must be gauged with reference to the purposes of disclosure which include a desire to prevent gamesmanship and unfair surprise at trial [internal citations and quotation marks omitted."

Footnote 2:Petitioner filed a "notice of intent to amend pleadings" on the eve of trial indicating that petitioner intended to seek amendment of the petition "to reflect the accurate rent-stabilized status of the subject premises as the original [p]etition was mistakenly drafted with the incorrect status accurate rent-stabilized status of the subject premises nunc pro tunc, where [r]espondent would not suffer any prejudice by the amendment." NYSCEF Doc No. 79. The parties have never disputed that the premises is rent controlled; thus, petitioner withdrew this notice prior to trial.

Footnote 3:As has been observed by the Court of Appeals, "statutory time frames—like court-ordered time frames . . . are not options, they are requirements, to be taken seriously by the parties. Too many . . . hours of the courts, are taken up with deadlines that are simply ignored." (Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726—727 [2004].)

Footnote 4:Also immediately prior to the commencement of trial, respondent made an oral motion to dismiss the petition as petitioner had failed to plead whether or not petitioner was subject to the Good Cause Eviction Law. However, respondent is a not a tenant entitled to possession of the premises and the protections of GCEL until proven otherwise. A petitioner cannot be expected to anticipate whether or not an individual will appear at some time in the future and raise a colorable claim of succession. Under the circumstances herein, the court indicated an intention to allow amendment. See 47-05 Ctr. SPE L.L.C. v Hack, 87 Misc 3d 787, 789 (Civ Ct, Queens County 2025) (where exemption from GCEL was evident, court sua sponte amended petition at trial to reflect that GCEL had been pleaded).

Footnote 5:See Matter of Oberle v Caracappa, 133 AD2d 202, 203 (1987) ("The trial court also erred when it refused to allow the petitioner to call to the stand the witnesses already present in the courtroom.") See also Howson v Marlene Blouse Corp., 200 Misc 242 (App Term 1st Dept 1951) (ordering a new trial "following dismissal of plaintiff's complaint on the ground that she failed to prove a prima facie case, where it appeared that a witness who was present in or just outside the courtroom was not permitted to testify on the ground that plaintiff had failed to serve him with a subp na.")

Footnote 6:Court: "Are you resting on your prima facie?" Petitioner's attorney: "Yes." FTR: 11:33 a.m.

Footnote 7:Respondent's attorney explained that, were the petition to be dismissed and her counterclaim remained, respondent would receive more time to relocate should she not prevail on her succession claim; however, this is a matter of strategy and does not relate to legal prejudice.

Footnote 8:While respondent's answer is adequate to preserve its objection to petitioner's prima facie case, of course the better practice is to sequentially admit or deny each paragraph of the petition.

Footnote 9:See Marmon Realty Grp., LLC v Khalil, 72 Misc 3d 136(4), 2021 NY Slip Op 50733(U), *1 (service of a predicate notice does not implicate personal jurisdiction).

Footnote 10:Cf 47-05 Ctr. SPE L.L.C. v Hack, 87 Misc 3d 787 (Civ Ct, Queens County 2025). In Hack the tenant objected to the landlord's request at trial to move the predicate notice of non-renewal of lease into evidence. The court allowed the notice to be admitted, finding that it was "inherently reliable." (Id. at 794.) Here, it is unimportant whether the court agrees with the Hack court or not as the circumstances differ. In this case, petitioner did not refer to any of the pleadings or the notice to quit at all — let alone seek to authenticate same — when presenting its prima facie case; thus, no opportunity was presented for respondent to object or for the court to make a ruling.

Footnote 11:See Torres v Sedgwick Ave. Dignity Devs. LLC, 74 Misc 3d 1209(A), 2022 NY Slip Op 50085(U) (Civ Ct, Bronx County 2022) ("[T]he party seeking the benefit of the doctrine of judicial notice must generally bring the fact to the court's attention and request that the court take judicial notice," citing Walton v Stafford, 14 AD 310, 314(1st Dept 1897), affd 162 NY 558 [1900].) CPLR 4511 relates to judicial notice of law. Judicial notice of laws differs from judicial notice of alleged facts. "Judicial notice of adjudicative-type facts []has long been a matter of decisional law." (Ptasznik v Schultz, 247 AD2d 197, 198—99 [2d Dept 1998].) In People v Suarez, 51 Misc 3d 620 (Crim Ct, New York County 2016), the court explicated that judicial notice of facts "is knowledge which a Court takes of a matter without evidence having been introduced to establish it. . . . Whether courts will take judicial notice of matters of fact depends on the nature of the subject, the issue involved and the apparent justice of the case. . . . Examples of the sorts of facts of which a court may take judicial notice are geographical facts and the location of streets and public records. Id. at 624 (internal citations and quotation marks omitted).

Footnote 12:This practice is often encountered in Housing Court at the close of inquests when a respondent has failed to appear in court in response to a holdover notice of petition and petition, and no answer has been interposed to controvert any of the facts pleaded in the petition.